

NUMBER 13-11-00106-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**LORENZO FORGE,**                                                      **Appellant,**

**v.**

**NUECES COUNTY, TEXAS AND JIM KAELIN,**
**SHERIFF, NUECES COUNTY, TEXAS,**                      **Appellees.**

## On appeal from the County Court at Law No. 4
## of Nueces County, Texas.

# OPINION

## Before Chief Justice Valdez and Justices Rodriguez and Garza
## Opinion by Justice Rodriguez

Appellant Lorenzo Forge challenges the trial court's dismissal for lack of jurisdiction of his race discrimination and hostile work environment suit against appellees Nueces County, Texas, and Jim Kaelin, Sheriff, Nueces County, Texas. By three issues, Forge argues that the trial court erred in dismissing his case because the presentment

requirement invoked by appellees, section 89.004 of the local government code, is not jurisdictional and does not apply to claims filed under the Texas Commission on Human Rights Act (TCHRA).   *See* TEX. LOC. GOV'T CODE ANN. § 89.004 (West 2008); TEX. LAB. CODE ANN. §§ 21.001-.556 (West 2006 & Supp. 2010).   We reverse and remand.

## I.  Background

In his petition, Forge alleges that he was employed by appellees as a jailer with the Nueces County Sheriff's Department.   Appellees terminated Forge's employment on December 31, 2008.   It is undisputed that the following events occurred in connection with Forge's termination:   Forge utilized the Nueces County grievance procedures and perfected his grievance, which was denied by Sheriff Kaelin; Forge appealed the denial of his grievance, which has been abated pending resolution of certain criminal charges filed against Forge; Forge timely filed a charge of discrimination with the Texas Workforce Commission (TWC), the Equal Employment Opportunity Commission (EEOC), and the Department of Justice; both the TWC and the EEOC issued Forge a right-to-sue letter; Forge filed suit against appellees under the TCHRA within sixty days of receiving his right-to-sue letter, asserting claims of race discrimination and hostile work environment; and Forge submitted post-suit written notice to the county pursuant to section 89.0041 of the local government code.   *See* TEX. LOC. GOV'T CODE ANN. § 89.0041 (West 2008).   It appears from the record that the foregoing actions by Forge complied with the administrative exhaustion prerequisites and time deadlines for suits filed under the TCHRA.[1]   However, it is undisputed that Forge did not present his discrimination and

---

[1] Appellees did not move to dismiss for want of jurisdiction based on any failure to comply with the TCHRA's administrative exhaustion requirements.

2

hostile work environment claim to the county under section 89.004 of the local government code before he filed his lawsuit. *See id.* § 89.004(a).

Appellees filed a motion to dismiss, arguing that Forge's failure to comply with section 89.004's presentment requirement deprived the trial court of jurisdiction over Forge's case. After a hearing, the trial court granted appellees' motion and dismissed Forge's case for want of jurisdiction. This appeal followed.

## II. Standard of Review

We will consider appellees' motion to dismiss for want of jurisdiction as a plea to the jurisdiction. A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's jurisdiction over the subject matter of a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Parks & Wildlife Dep't v. Morris*, 129 S.W.3d 804, 807 (Tex. App.—Corpus Christi 2004, no pet.). Subject matter jurisdiction is a question of law; therefore, an appellate court reviews de novo a trial court's ruling on a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 226; *Morris*, 129 S.W.3d at 807. The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

The resolution of this appeal will require us to review the trial court's application of various statutes. Statutory interpretation also presents a question of law subject to de novo review. *In re Canales*, 52 S.W.3d 698, 701 (Tex. 2001). A trial court has no discretion when evaluating a question of law. *See Walker v. Packer*, 827 S.W.2d 833,

840 (Tex. 1992). In cases of statutory interpretation, then, Texas courts of appeal must conduct an independent review and evaluation of the statute to determine its meaning. *Brazoria County v. Colquitt*, 282 S.W.3d 582, 585 (Tex. App.—Houston [14th Dist.] 2009), *rev'd on other grounds*, 324 S.W.3d 539 (Tex. 2010).

Our primary objective is to ascertain and give effect to the intent of the legislature in enacting the statutes. *See In re Canales*, 52 S.W.3d at 701; *see also* TEX. GOV'T CODE ANN. § 312.005 (West 2005). If possible, we determine legislative intent by examining the statute's plain language. *See City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009). "Even when the statute is unambiguous, we may consider other factors to determine the legislature's intent, such as the statute's objectives, its legislative history, and the consequences of particular instruction." *Dallas County v. C. Green Scaping, L.P.*, 301 S.W.3d 872, 877 (Tex. App.—Dallas 2009, no pet.) (citing *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001); *In re Canales*, 52 S.W.3d at 702).

## III. DISCUSSION

By three issues, which we will consider as one, Forge argues that the trial court erred in dismissing his suit for want of jurisdiction. Forge contends that section 89.004 is not jurisdictional. Analogizing his case to cases brought under the Texas Tort Claims Act (TTCA) and the Texas Whistleblower Act, Forge further contends that section 89.004's presentment requirement does not apply to TCHRA suits because the TCHRA has its own jurisdictional exhaustion requirements. *See Parsons v. Dallas County*, 197 S.W.3d 915, 919-20 (Tex. App.—Dallas 2006, no pet.) (holding that the notice provisions of the TTCA provide the exclusive notice requirements for suits thereunder and the plaintiff was thus not required to comply with the presentment requirement); *Gregg County v. Farrar*,

4

933 S.W.2d 769, 772-73 (Tex. App.—Austin 1996, pet. denied) (holding that presentment to the county is not required in a whistleblower claim because the administrative exhaustion requirements of the Whistleblower Act provide the requisite notice to the county); *see also Upton v. Brown*, 960 S.W.2d 808, 819-20 (Tex. App.—El Paso 1997, no pet.) (holding that presentment requirement does not govern whistleblower suits or suits brought under title 42, section 1983 of the United States Code); *Harris County v. Dillard*, 841 S.W.2d 552, 557 (Tex. App.—Houston [1st Dist.] 1992), *rev'd on other grounds*, 883 S.W.2d 166 (Tex. 1994) (holding that plaintiffs suing county under TTCA need not comply with presentment requirement because the TTCA requires plaintiff to give notice of claim within six months of injury).

Section 89.004(a) of the local government code provides that:

> [A] person may not file suit on a claim against a county or an elected or appointed county official in the official's capacity as an appointed or elected official unless the person has presented the claim to the commissioners court and the commissioners court neglects or refuses to pay all or part of the claim before the 60th day after the date of the presentation of the claim.

TEX. LOC. GOV'T CODE ANN. § 89.004(a). The Texas Supreme Court has held that section 89.004's presentment requirement is mandatory but not jurisdictional. *See Essenburg v. Dallas County*, 988 S.W.2d 188, 189 (Tex. 1998); *see also Lubbock County v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 584 (Tex. 2002); *Travis County v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 249 (Tex. 2002). It "merely establishes a condition precedent to suit." *Pelzel & Assocs.*, 77 S.W.3d at 249 (citing *Farmers State Bank of New Boston v. Bowie County*, 95 S.W.2d 1304, 1306 (Tex. 1936)). "The remedy for a party's failure to present its claim to the Commissioner's Court prior to filing its lawsuit [is] not dismissal of the lawsuit but abatement." *C. Green Scaping*, 301 S.W.3d

at 877 (citing *Trammel's Lubbock Bail Bonds*, 80 S.W.3d at 584).

Appellees contend that a 2005 amendment to section 311.034 of the government code overruled the foregoing. Section 311.034, within the Code Construction Act, governs the "Waiver of Sovereign Immunity" and provides that:

> In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. In a statute, the use of "person," as defined by Section 311.005 to include governmental entities, does not indicate legislative intent to waive sovereign immunity unless the context of the statute indicates no other reasonable construction. Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.

TEX. GOV'T CODE ANN. § 311.034 (West Supp. 2010). The 2005 amendment added the final sentence regarding the jurisdictional effect of "[s]tatutory prerequisites to suit." *See* Act of May 25, 2005, 79th Leg., R.S., ch. 1150, § 1, 2005 TEX. GEN. LAWS 3785, 3785. Relying on this amendment, the legislative history associated with the amendment, and, primarily, the Dallas Court of Appeals's 2009 *C. Green Scaping* opinion, appellees contend that section 89.004(a) is a jurisdictional statutory prerequisite to suit, and the trial court therefore did not err in dismissing Forge's suit on this basis given Forge's failure to comply with the presentment requirement. *See C. Green Scaping*, 301 S.W.3d at 878-79 (holding that section 89.004(a) is a statutory prerequisite to suit governed by section 311.034 of the government code and is, therefore, jurisdictional). Although we typically strive to achieve unity with our sister courts, we simply cannot concur with the reasoning underlying the Dallas court's determination.

In *C. Green Scaping*, the Dallas court looked to the language of section 89.004(a) and determined that it was a mandatory condition precedent to filing suit against a county.

6

301 S.W.3d at 877-78. After defining a "prerequisite to suit" as a "requirement to be fulfilled before a lawsuit is filed," *id.* at 878 (citing *County of Bexar v. Bruton*, 256 S.W.3d 345, 348 (Tex. App.—San Antonio 2008, no pet.); *Dallas County v. Hughes*, 189 S.W.3d 886, 888 (Tex. App.—Dallas 2006, pet. denied); WEBSTER'S THIRD INT'L DICTIONARY 1791 (1981)), the court reasoned that because it is a condition precedent to suit, the "presentment requirement of section 89.004(a) is a statutory prerequisite to suit." *Id.* The court next examined the legislative author's "statement of intent" for the 2005 amendment to section 311.034, which is contained in the committee report for the house bill, and focused on the author's interest in reducing "the expenditure of funds to try lawsuits that are ultimately determined to be outside the limited waiver of immunity." *Id.* (citing House Comm. on Civil Practices, Bill Analysis, Tex. H.B. 2988, 79th Leg., R.S. (2005), *available at* http://www.capitol.state.tx.us/tlodocs/79R/analysis/html/HB02988H. htm). The court noted that the committee report expressed concern about the courts "infring[ing] on the power of the legislature to waive sovereign immunity by abating cases" that are ultimately found to be lacking in jurisdiction and then seemed to conclude from this that the abatement of cases for failure to comply with the presentment requirement was a similar consequence and thus brought section 89.004(a) under the rationale for the amendment to section 311.034. *See id.* at 878-79. In other words, the Dallas court concluded that the amendment to government code section 311.034 transformed the condition precedent of section 84.009(a) into a "statutory prerequisite" with which a plaintiff must comply to invoke the jurisdiction of the trial court. *See id.*

The entirety of the legislative author's statement of intent, or bill analysis, for the 2005 amendment to government code section 311.034 follows:

7

> The waiver of sovereign immunity is a matter exclusively reserved to the legislature. Under current law, *several statutes provide for a limited waiver of immunity against the government, but require that certain steps, known as statutory prerequisites, be taken to take advantage of the waiver.* Compliance with the statutory prerequisites to filing suit is often an issue in litigation, and considerable confusion has arisen in the courts regarding whether such compliance is a jurisdictional matter or not.
>
> Whether or not compliance with statutory prerequisites is jurisdictional has important consequences. If the requirements are jurisdictional and compliance has not occurred, then a governmental entity may file a plea to contest the trial court's jurisdiction over the case and, if the plea is denied, may file an immediate appeal. *Allowing an immediate appeal permits conservation of all parties' resources during determination of the appeal, instead of requiring the expenditure of funds to try lawsuits that are ultimately determined to be outside the limited waiver of immunity.*
>
> H.B. 2988 makes clear that statutory prerequisites are jurisdictional requirements in all suits against government entities.

House Comm. on Civil Practices, Bill Analysis, Tex. H.B. 2988, 79th Leg., R.S. (2005) (emphasis added). We believe that the legislative intent for the amendment clearly centers on the relationship between the waiver of sovereign immunity and the "certain steps" required by various statutes to "take advantage of that waiver." *See Colquitt*, 282 S.W.3d at 586 ("The Texas legislature added [the statutory prerequisites] language to section 311.034 . . . to clarify its intent regarding the relationship between statutory prerequisites to a suit and sovereign immunity."); *Tex. Dep't of Criminal Justice v. Thomas*, 263 S.W.3d 212, 217-18 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (same); *see also Colquitt v. Brazoria County*, 324 S.W.3d 539, (Tex. 2010) (noting that the legislature amended section 311.034 "to make notice, and other statutory prerequisites, jurisdictional, that is, *a condition of . . . waiver of immunity from suit*" (emphasis added)). The bill analysis reveals that the author was endeavoring to prevent the wasteful exercise of prolonging a case that ultimately is determined to be outside the "limited waiver of

immunity" provided by certain statutes and thus outside the court's jurisdiction.

But unlike the "several statutes" referred to by the bill author in his analysis, section 89.004 has no bearing on a county's immunity from suit. *Pelzel & Assocs.*, 77 S.W.3d at 249 (holding that section 89.004 does not waive a county's immunity from suit); *County of Bexar v. Garcia*, 974 S.W.2d 107, 109 (Tex. App.—San Antonio 1998, no pet.) (same). The Dallas court even acknowledges this critical distinction in *C. Green Scaping*. 301 S.W.3d at 877 ("Clearly section 311.034 applies to waivers of sovereign immunity. However, the presentment language of section 89.004(a) does not waive immunity from suit." (citations omitted)). And it is immunity from suit, or the lack thereof, that implicates a trial court's subject-matter jurisdiction. Thus, the ultimate result of a plaintiff's non-compliance with section 89.004(a) is not a determination that his case lies outside a waiver of immunity and is therefore subject to dismissal for want of jurisdiction. The ultimate result of a plaintiff's non-compliance with the presentment requirement is a temporary abatement period during which the commissioner's court investigates the claim and decides whether to attempt to adjust the claim without litigation. In short, the rationale behind the 2005 amendment to section 311.034—the conservation of state or government resources by allowing early dismissal of suits where immunity has not been waived—does not apply to the presentment requirement, and we conclude that section 89.004(a) remains merely a mandatory, but not jurisdictional, condition precedent to suit against a county.[2]

---

[2] We note that our conclusion is also supported by the plain language of section 311.034, which governs the "Waiver of Sovereign Immunity" and includes the statutory construction tools through which the existence or non-existence of waiver is determined. *See City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009) (directing reviewing courts to determine legislative intent by examining the plain language of the statute); *see also* TEX. GOV'T CODE ANN. § 311.034 (West Supp. 2010).

9

The only question remaining is whether Forge's TCHRA claim is subject to section 89.004(a)'s presentment requirement. This is a matter of first impression. Our sister courts have held that claims brought under the TTCA are not governed by the presentment requirement because the notice provision embodied in that Act constitutes the exclusive notice requirement with which a plaintiff must comply before bringing suit. *See Parsons*, 197 S.W.3d at 919-20; *Dillard*, 841 S.W.2d at 557. Other courts have held that claims brought under the Texas Whistleblower Act are not governed by the presentment requirement because the administrative exhaustion requirements embodied in that Act constitute the exclusive notice provisions with which a plaintiff must comply before bringing suit. *See Brown*, 960 S.W.2d at 819-20; *Farrar*, 933 S.W.2d at 772-73. Similar to the exhaustion requirements of the whistleblower act and the notice provision of the TTCA, in order to bring a claim of employment discrimination under the TCHRA, a plaintiff must first file a sworn, written complaint with the Texas Commission on Human Rights within 180 days of the alleged discriminatory act.[3] *See* TEX. LAB. CODE ANN. §§ 21.201-.202 (West 2006); *see also Tex. Dep't of Pub. Safety v. Alexander*, 300 S.W.3d 62, 70 (Tex. App.—Austin 2009, pet. denied). "The timely filing of an administrative complaint is a mandatory and jurisdictional prerequisite to filing suit." *Alexander*, 300 S.W.3d at 70 (citing *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996); *Tex. Parks & Wildlife Dep't v. Dearing*, 150 S.W.3d 452, 458 (Tex. App.—Austin 2004, pet. denied)). Based on the foregoing, we conclude that the administrative exhaustion prerequisite to filing suit under the TCHRA is the exclusive notice provision

---

[3] The civil rights division of the Texas Workforce Commission exercises the powers and duties given to the "[Texas] Commission on Human Rights" by the TCHRA. *See* TEX. LAB. CODE ANN. § 21.0015 (West 2006).

with which a plaintiff must comply—a TCHRA plaintiff filing against a county need not also comply with section 89.004(a)'s presentment requirement.

In sum, we conclude that the trial court erred in dismissing Forge's suit for lack of jurisdiction. Non-compliance with section 89.004(a) of the local government code does not erect a jurisdictional bar to suit. Moreover, section 89.004(a) does not govern Forge's case because the TCHRA contains the exclusive notice provisions applicable to suits brought thereunder. Forge's issues are sustained.

## IV. CONCLUSION

We reverse the order of the trial court dismissing Forge's case for want of jurisdiction and remand for proceedings consistent with this opinion.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 31st
day of August, 2011.

11