# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11089
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 15, 2014

Lyle W. Cayce
Clerk

CHRISTOPHER AJAYI,

Plaintiff - Appellant

v.

WALGREEN COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-284

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Christopher Ajayi appeals the district court's grant of Walgreen Company's ("Walgreen") motion for summary judgment on Ajayi's claim of age discrimination brought under the Texas Commission on Human Rights Act ("TCHRA"). We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11089

## I. Background

Ajayi worked a regular, forty hour week for Walgreen as a store pharmacist. In 2009, Walgreen implemented a program for its pharmacists to become certified to administer immunizations. Ajayi was given three opportunities to complete the program. He believed he had until April 1, 2010 to complete the program, but when he did not complete the program by January 12, 2010, he was issued a "Final Written Warning" and removed from his position as a staff pharmacist. The written warning stated that he could be rescheduled by the district office staff once he completed the certification, but that failure to complete the certification by April 1, 2010 would warrant further disciplinary action, including termination. Ajayi was certified shortly after receiving the Final Written Notice. However, Ajayi was not reinstated; rather, he was scheduled as an on-call pharmacist (known as a "floater"), which are scheduled as needed, with no set hours. Ajayi stated he would not work as a floater, refused to accept any shift-work, and demanded he be guaranteed a forty-hour work-week at a permanent store. Because he refused assignments for 30 days, Ajayi was classified as an "inactive" employee.

On March 16, 2010, Ajayi complained to the Walgreen's Vice President that he was experiencing discrimination and that he would not accept a position as a floater. He was told that he could accept the assignments while waiting for reassignment, take personal leave, resign, or retire. Ajayi did not resign or retire, nor did he accept assignments. As a result, he was classified as "on leave," and no further attempts were made to schedule him as a floater.

Sometime later, Ajayi contacted store managers to obtain work, and one of them gave him work on July 30, 2010, but was unable to pay him because of Ajayi's status as "on leave." Ajayi attempted to obtain payment for the one day of work as well as his accrued vacation pay. On August 6, 2010, Ajayi spoke with his regional manager and told her that he planned to resign. On August

No. 13-11089

17, 2010, Ajayi sent her an email stating "Please be informed of my resignation/retirement from this company, effective August 6, 2010." He was 60 at the time of termination.

Ajayi filed a joint complaint with the EEOC and the Texas Workforce Commission ("TWC") on February 11, 2011, claiming discrimination based on age, national origin, and retaliation. On his charge, he stated that January 12, 2010 was the earliest date that discrimination took place, and he testified that he resigned on August 6, 2010. He received a right-to-sue letter from the TWC and filed this lawsuit, in which he only pursued the age-discrimination claim under the TCHRA.

## II. Discussion

We review *de novo* a district court's grant of summary judgment. *Ibarra v. United Parcel Serv.*, 695 F.3d 354, 355 (5th Cir. 2012). Summary judgment is appropriate if the moving party shows there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Before filing suit under the TCHRA, an aggrieved employee must exhaust his administrative remedies by filing a complaint with the TWC "not later than the 180th day after the date the alleged unlawful employment practice occurred." TEX. LAB. CODE § 21.202(a) (2006). The Texas Supreme Court has characterized the deadline as "mandatory and jurisdictional." *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996). We have also characterized § 21.202 as mandatory and jurisdictional. *See, e.g., Jones v. Grinnell Corp.*, 235 F.3d 972, 974–75 (5th Cir. 2001); *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 281 (5th Cir. 2004); *Williams v. Merck & Co., Inc.*, 381 Fed. App'x. 438, 444 (5th Cir. 2010) (unpublished).

Ajayi urges this court to find § 21.202 is not jurisdictional due to the Texas Supreme Court's recent holding that the two-year statute of limitations

for filing suit in an employment discrimination action is not a jurisdictional prerequisite to suit. *In re United Serv. Aut. Ass'n*, 307 S.W.3d 299, 310 (Tex. 2010) (holding that Tex. Lab. Code § 21.256 is not jurisdictional, despite prior precedent). However, the Texas Supreme Court did not address whether the 180-day deadline imposed by § 21.202 is similarly non-jurisdictional. *See id.* Furthermore, the Texas Supreme Court explicitly declined to address that question in *Prairie View A&M University v. Chatha*, 381 S.W.3d 500, 510 n. 15, 514 (Tex. 2012), despite Chief Justice Jefferson's dissent, in which he argued that the filing requirement should be held non-jurisdictional. *Id.* at 516–24 (Jefferson, C.J., dissenting). Since *United Services Automobile Association* was decided, Texas courts of appeals have continued to hold that § 21.202 is a jurisdictional prerequisite to suit. *See, e.g., City of El Paso v. Marquez*, 380 S.W.3d 335, 342 (Tex. App. – El Paso 2012, no pet.); *Dworschak v. Transocean Offshore Deepwater Drilling Inc.*, 352 S.W.3d 191, 199–200 (Tex. App. – Houston [14 Dist.] 2011, no pet.); *Forge v. Nueces Cnty.*, 350 S.W.3d 740, 746 (Tex. App. – Corpus Christi 2011, no pet.). Absent a clear holding from the Texas Supreme Court departing from this view, or a statutory change, we are bound by the existing precedent on this statutory provision. *See Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003) ("To determine state law, federal courts sitting in diversity look to the final decisions of the state's highest court.").

Because the filing requirement is "mandatory and jurisdictional," it is not subject to equitable tolling. *See Jones*, 235 F.3d at 974 ("If a complainant fails to exhaust his state administrative remedies, the [THRA] jurisdictionally bars this court from hearing the case regardless of equitable and policy concerns."). Ajayi filed his administrative complaint on February 11, 2011. Therefore, he must show that the alleged discriminatory decision occurred no later than August 16, 2010. *See Prairie View A&M*, 381 S.W.3d at 509 (The

No. 13-11089

"proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts become most painful."); *Specialty Retailers,* 933 S.W.2d at 493 (the 180-day period begins to run when the employee is informed of the allegedly discriminatory employment decision).

Ajayi argues that the 180-day period did not begin to run until sometime after August 17, 2010 because he had no way of knowing the discriminatory intent until after he resigned.  However, it is well established in this circuit that in age discrimination cases the limitations period begins to run when the plaintiff knows of the discriminatory *act*, not when he first perceives a discriminatory motive.  *See Christopher v. Mobil Oil Corp.*, 950 F.2d 1029, 1217 n.2 (5th Cir. 1992) (rejecting the theory that statute of limitations should begin to run when the employee discovers discriminatory motive, rather than the actual date of the act); *Merrill v. S. Methodist Univ.*, 806 F.2d 600, 605 (5th Cir. 1986) (same); *Miller v. Potter*, 359 F. App'x 535, 536–37 (5th Cir. 2010) (same).   Texas courts of appeals have adopted this position. *See Ogletree v. Glen Rose Indep. Sch. Dist.*, 314 S.W.3d 450, 455 (Tex. App.-Waco 2010, pet denied) (noting that limitations periods for employment discrimination claims begin to run on the date when the plaintiff learns of an adverse employment decision, not on the date of discovery of discriminatory intent); *Acosta v. Memorial Hermann Hosp. Sys.*, 14-07-00001-CV, 2008 WL 190052, at *4 (Tex. App.-Hous. [14th Dist.] Jan. 22, 2008, pet. denied) (mem. op.) (citing *Merrill*, 806 F.2d at 605) (same); *Abbott v. Rankin*, 06-07-00149-CV, 2008 WL 5156453, at *3 (Tex. App.-Texarkana Dec. 10, 2008, pet. denied) (mem. op.) (same).  Ajayi was demoted to a floating pharmacist on January 12, 2010, which would have been the original discriminatory act.    At the latest, Ajayi's so-called "constructive discharge" occurred on the date he chose to resign: August 6, 2010.  Either date falls outside the statutory period.  The district court properly found that there was no jurisdiction to hear this case.

No. 13-11089

AFFIRMED.