**DALLAS COUNTY, Texas, Appellant,**

v.

**C. GREEN SCAPING, L.P., Appellee.**

No. 05–09–00406–CV.

Court of Appeals of Texas, Dallas.

Dec. 9, 2009.

Todd Keith Sellars, Asst. Dist. Atty., Dallas, TX, for Appellant.

Christopher Allen Neal, Bedford, TX, for Appellee.

Before Chief Justice WRIGHT, Justices RICHTER and FILLMORE.

## OPINION

Opinion By Justice RICHTER.

Appellant, Dallas County, Texas (Dallas County) appeals the trial court's order denying its amended plea to the jurisdiction in a lawsuit filed against Dallas County by appellee, C. Green Scaping, L.P. (Greenscaping) for breach of contract, negligence, unjust enrichment, and promissory estoppel for failing to pay amounts allegedly owed for landscaping and irrigation work performed by Greenscaping. In three issues, Dallas County argues the trial court erred by denying its plea to the jurisdiction because: (1) Greenscaping failed to present its claim to the Dallas County Commissioners Court as required by section 89.004 of the Texas Local Government Code; (2) Dallas County did not waive governmental immunity to lawsuit; and (3) Greenscaping failed to give post-suit notice as required by section 89.0041 of the Texas Local Government Code.

We conclude the trial court erred when it denied Dallas County's amended plea to the jurisdiction. We reverse the trial court's order denying Dallas County's amended plea to the jurisdiction and render judgment dismissing Greenscaping's suit against Dallas County for lack of subject matter jurisdiction.

## BACKGROUND

Greenscaping entered into a contract with Dallas County to install landscaping and irrigation. Upon completion of the work, the parties had a dispute over the amount of the final payment. Bernard Blanton, Owner's Representative, Dallas

County Engineering & Project Management, sent a letter to Greenscaping stating Dallas County Engineering & Project Management was recommending to the Dallas County Commissioners Court that $45,472 be deducted from the final payment owed to Greenscaping because Greenscaping failed to finish the job in the time period outlined in the contract. Over several months, Greenscaping and its attorney sent three demand letters to Blanton, explaining the delays in project completion and demanding to be paid in full. Finally, on September 9, 2008, Greenscaping filed its lawsuit against Dallas County and Jacobs Engineering, Inc., the project engineer.[1] Greenscaping served Dallas County by personal service on Dallas County Judge Jim Foster. Dallas County filed its answer and plea to the jurisdiction on October 2, 2008, asserting governmental immunity.

Dallas County supplemented its answer on November 5, 2008, adding assertions that Greenscaping did not properly serve post-suit notice on Dallas County in accordance with the requirements of Texas Local Government Code section 89.0041 and did not present a claim to the Dallas County Commissioners Court more than sixty days before filing suit as required by Texas Local Government Code section 89.004. On November 20, 2008, Greenscaping presented a formal claim to the Dallas County Commissioners Court. Dallas County filed its motion to dismiss and amended plea to the jurisdiction. After a hearing on March 27, 2009, the trial court denied Dallas County's motion and amended plea without making findings of fact or conclusions of law. This interlocutory appeal followed.

## STANDARD OF REVIEW

■ A plea to the jurisdiction is a dilatory plea to defeat a cause of action without regard to whether the claims have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). Whether a trial court has subject matter jurisdiction is a question of law; thus we review a challenge to the trial court's subject matter jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004); *Dallas County v. Autry*, 251 S.W.3d 155, 158 (Tex.App.-Dallas 2008, pet. denied).

■ Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code permits a party to appeal an interlocutory order that grants or denies a plea to the jurisdiction by a governmental entity. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon 2008); *see Thomas v. Long*, 207 S.W.3d 334, 338 (Tex.2006). "We have jurisdiction over an interlocutory appeal of the denial of a plea to the jurisdiction by a governmental entity if the plea raises a valid basis for challenging the trial court's subject matter jurisdiction." *Autry*, 251 S.W.3d at 158. The statute authorizing such interlocutory appeals is a narrow exception to the general rule that only final judgments and orders are appealable and, therefore, must be given strict construction by the reviewing court. *Tex. Dep't of Transp. v. City of Sunset Valley*, 8 S.W.3d 727, 730 (Tex.App.-Austin 1999, no pet.).

In addition, the issues presented in this appeal require interpretation and application of sections 89.004 and 89.0041 of the local government code and section 311.034 of the government code. It is well settled in Texas that statutory interpretation presents a question of law subject to de novo review. *Dallas County v. Coskey*, 247 S.W.3d 753, 755 (Tex.App.-Dallas 2008, pet. denied). Our primary objective is to ascertain and give effect to the intent of

---

1. Jacobs Engineering, Inc. is not a party to this appeal.

the legislature in enacting the statutes. *In re Canales,* 52 S.W.3d 698, 701 (Tex. 2001); *Coskey,* 247 S.W.3d at 755; *see also* TEX. GOV'T CODE ANN. § 312.005 (Vernon 2005).

## DISCUSSION

Dallas County argues the trial court erred by denying its amended plea to the jurisdiction for the following reasons: (1) the trial court did not have subject matter jurisdiction because Greenscaping failed to present its claim to the Dallas County Commissioners Court as required by section 89.004 of the Texas Local Government Code; (2) the trial court did not have jurisdiction because Dallas County did not waive governmental immunity to lawsuit; and (3) the trial court did not have jurisdiction because Greenscaping failed to give post-suit notice as required by section 89.0041 of the Texas Local Government Code.

Beginning with Dallas County's first issue, we are asked to determine whether compliance with section 89.004(a) of the local government code is a jurisdictional threshold to filing suit. Section 89.004(a) provides in pertinent part:

> [A] person may not file suit on a claim against a county or an elected or appointed county official in the official's capacity as an appointed or elected official unless the person has presented the claim to the commissioners court and the commissioners court neglects or refuses to pay all or part of the claim before the 60th day after the date of the presentation of the claim.

TEX. LOC. GOV'T CODE ANN. § 89.004(a) (Vernon 2008).

The record reflects, and Greenscaping concedes, that Greenscaping did not present a formal claim directly to the Dallas County Commissioners Court prior to filing its lawsuit against Dallas County.

However, Greenscaping maintains the Commissioners Court had notice of Greenscaping's claim prior to the suit. In its claim to the county commissioners, Greenscaping contended that, pursuant to the terms of the contract and Dallas County Municipal Code section 94–213(s) and (t), Blanton was responsible for bringing this matter before the Commissioners Court and, therefore, notice of the claim to Blanton was notice to the Commissioners Court. Additionally, in its response to Dallas County's amended plea to the jurisdiction, Greenscaping argued that demand letters sent to Blanton prior to filing suit were sufficient to provide notice to Dallas County. Finally, in oral argument before this Court, Greenscaping's counsel argued that payment estimates provided to the Dallas County Auditor's office for approval should be deemed presentment to the Dallas County Commissioners Court.

Dallas County argues that Greenscaping's demand letters to Blanton are not sufficient to meet the requirements of section 89.004(a). Dallas County asserts that Dallas County Municipal Code section 94–213, which provides procedures for requesting and receiving goods from vendors with annual contracts, does not apply to Greenscaping because Dallas County's contract with Greenscaping was not an annual contract but was limited to a specific project. In its brief, Greenscaping fails to respond to Dallas County's argument that Dallas County Municipal Code section 94–213 does not apply to Greenscaping. Greenscaping refers to the record to support its assertion that letters were sent to Blanton prior to the lawsuit but does not pursue the assertion it made to the trial court that Blanton was responsible for bringing Greenscaping's claim to the Commissioners Court. Further, Greenscaping does not provide legal analysis or legal authority to support the assertion made in

argument to this Court that payment estimates given to the Dallas County Auditor's office should be deemed presentment of a claim to the Commissioners Court. Therefore, we conclude that the only presentment of Greenscaping's claim to the Commissioners Court occurred on November 20, 2008, over two months after suit was filed.

Greenscaping asserts the section 89.004(a) presentment requirement is a condition precedent to a suit going forward rather than a jurisdictional prerequisite to suit being filed. Greenscaping argues that presenting its claim to the Commissioners Court on November 20, 2008, was subsequent compliance with section 89.004 and its suit was abated until the Commissioners Court could consider Greenscaping's claim. Finally, Greenscaping notes that more than sixty days passed from the time notice was given to the Commissioners Court to the time the trial court heard Dallas County's amended plea to the jurisdiction. Therefore, according to Greenscaping, because presentment was made and more than sixty days passed without response or action by the Commissioners Court, the trial court had jurisdiction at the time of the hearing and properly denied Dallas County's amended plea to the jurisdiction.

■ Relying on the 2005 amendment to section 311.034 of the government code, Dallas County argues that Greenscaping's failure to comply with the statutory prerequisite to suit set forth in section 89.004(a) is a jurisdictional defect that deprives the trial court of subject matter jurisdiction. "The failure of a jurisdictional requirement deprives the court of the power to act (other than to determine that it has no jurisdiction), and ever to have

acted, as a matter of law." *City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex.2009) (quoting *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 359 (Tex.2004), *superseded by statute*, TEX. GOV'T CODE § 311.034).[2] If the requirement is not jurisdictional, however, the court may hear the case, although other consequences may flow from a party's failure to comply with the requirement. *White*, 288 S.W.3d at 393; *Loutzenhiser*, 140 S.W.3d at 359 ("The failure of a non-jurisdictional requirement mandated by statute may result in the loss of a claim, but that failure must be timely asserted and compliance can be waived."); *see also Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75–77 (Tex.2000). In *Dubai*, the Texas Supreme Court noted that deeming a provision jurisdictional "opens the way to making judgments vulnerable to delayed attack for a variety of irregularities that perhaps better ought to be sealed in a judgment." *Dubai*, 12 S.W.3d at 76 (citing RESTATEMENT (SECOND) OF JUDGMENTS § 12 cmt. b (1982)). "The modern direction of policy is to reduce the vulnerability of final judgments to attack on the ground that the tribunal lacked subject matter jurisdiction." *Id.* (citing RESTATEMENT (SECOND) OF JUDGMENTS § 11 cmt. e (1982)). Consequently, we cannot conclude the presentment requirement of section 89.004(a) is jurisdictional absent clear legislative intent to that effect. *White*, 288 S.W.3d at 393; *Dubai*, 12 S.W.3d at 75–76.

Prior to September 1, 2005, presentation of a claim to the Commissioners Court was considered mandatory but not jurisdictional. *Loutzenhiser*, 140 S.W.3d at 361; *Travis County v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 249 (Tex.2002), *superseded by statute*, TEX. LOCAL GOV'T CODE § 262.007,

---

**2.** Although the legislature subsequently provided that the notice requirement at issue in *Loutzenhiser* was jurisdictional, the Court's

reasoning remains valid with respect to the statutory analysis of alleged jurisdictional provisions. *White*, 288 S.W.3d at 393.

*as noted in Tooke v. City of Mexia*, 197 S.W.3d 325, 342 (Tex.2006); *Essenburg v. Dallas County*, 988 S.W.2d 188, 189 (Tex. 1998). The presentment requirement was held to be a nonjurisdictional notice statute, intended to advise the Commissioners Court of the claim and afford it an opportunity to investigate and adjust the claim without litigation. *Lubbock County v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 584 (Tex.2002); *Essenburg*, 988 S.W.2d at 189. The remedy for a party's failure to present its claim to the Commissioners Court prior to filing its lawsuit was not dismissal of the lawsuit but abatement. *Trammel's Lubbock Bail Bonds*, 80 S.W.3d at 584.

◼ In 2005, the legislature amended the code construction act with respect to waivers of sovereign immunity. *See* TEX. GOV'T.CODE ANN. § 311.034 (Vernon Supp. 2009). The amendment added a sentence to the end of the statute which now provides:

In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. In a statute, the use of "person," as defined by Section 311.005 to include governmental entities, does not indicate legislative intent to waive sovereign immunity unless the context of the statute indicates no other reasonable construction. *Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.*

*Id.* (emphasis added). The amendment became effective September 1, 2005. Clearly section 311.034 applies to waivers of sovereign immunity. *White*, 288 S.W.3d at 396. However, the presentment lan-

guage of section 89.004(a) does not waive immunity from suit. *Pelzel*, 77 S.W.3d at 249; *County of Bexar v. Garcia*, 974 S.W.2d 107, 109 (Tex.App.-San Antonio 1998, no pet.). It merely establishes a condition precedent to suit. *Pelzel*, 77 S.W.3d at 249; *Garcia*, 974 S.W.2d at 109. Accordingly, we must determine whether section 311.034 applies to the section 89.004(a) presentment requirement.

◼ To determine whether a statutory requirement is jurisdictional, we apply principles of statutory interpretation. *Igal v. Brightstar Info. Tech. Group, Inc.*, 250 S.W.3d 78, 84 (Tex.2008). Our goal is to ascertain legislative intent by examining the statute's plain language. *White*, 288 S.W.3d at 394. Even when a statute is unambiguous, we may consider other factors to determine the legislature's intent, such as the statute's objectives, its legislative history, and the consequences of a particular construction. *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001); *In re Canales*, 52 S.W.3d at 702. "Since the Legislature is bound to know the consequences of making a requirement jurisdictional, one must ask, in trying to determine legislative intent, whether the Legislature intended those consequences." *Loutzenhiser*, 140 S.W.3d at 359.

◼ Looking first at the text of section 89.004(a), it states that a person "may not file suit on a claim against a county" unless that person has first presented a claim to the Commissioners Court. TEX. LOCAL GOV'T CODE ANN. § 89.004(a). The code construction act construes "may not" to impose a prohibition and to be synonymous with "shall not." See TEX. GOV'T CODE ANN. § 311.016(5) (Vernon 2005). The term "shall" is generally recognized as mandatory, creating a duty or obligation. TEX. GOV'T CODE ANN. § 311.016(2) (Vernon 2005); *see Helena Chem.*, 47 S.W.3d at 493; *Albertson's Inc. v. Sinclair*, 984

S.W.2d 958, 961 (Tex.1999). To determine whether the legislature intended a provision to be mandatory, "we consider the plain meaning of the words used, as well as the entire act, its nature and object, and the consequences that would follow from each construction." *Helena Chem.*, 47 S.W.3d at 494; *Albertson's*, 984 S.W.2d at 961. Just because a statutory requirement is mandatory does not mean that compliance with the statute is jurisdictional. *Albertson's*, 984 S.W.2d at 961.

■■■ According to section 89.004(a), a party is required to present its claim to the Commissioners Court at least sixty days prior to filing its lawsuit. "Prerequisite to suit" is not defined by statute; however, common usage implies that the requirement is to be fulfilled before a lawsuit is filed. *County of Bexar v. Bruton*, 256 S.W.3d 345, 348 (Tex.App.-San Antonio 2008, no pet.); *see also Dallas County v. Hughes*, 189 S.W.3d 886, 888 (Tex.App.-Dallas 2006, pet. denied) ("A prerequisite is 'something that is required beforehand.'") (quoting WEBSTER'S THIRD INTERNATIONAL DICTIONARY 1791 (1981)). A prerequisite to suit is a requirement to be fulfilled before suit is filed, while a requisite to suit is a requirement to be fulfilled during the lawsuit. *Bruton*, 256 S.W.3d at 348. The requirement that a claim be presented to the Commissioners Court in accordance with section 89.004(a) has been held to be a condition precedent to suit. *Pelzel*, 77 S.W.3d at 249; *Garcia*, 974 S.W.2d at 109. Therefore, we conclude the presentment requirement of section 89.004(a) is a statutory prerequisite to suit.

■■■ Because we have determined that presenting a claim to the Commissioners Court is a statutory prerequisite to filing suit against a county, we now consider whether the presentment requirement of section 89.004(a) is a jurisdictional requirement. Section 311.034, as amended, states that "statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE ANN. § 311.034. Looking to legislative history of the amendment to section 311.034 to give insight into legislative intent, we note that the author's statement of intent, repeated in the committee report for House Bill 2988, provides:

> The waiver of sovereign immunity is a matter exclusively reserved to the legislature. Under current law, several statutes provide for a limited waiver of immunity against the government, but require that certain steps, known as statutory prerequisites, be taken to take advantage of the waiver. Compliance with the statutory prerequisites to filing suit is often an issue in litigation, and considerable confusion has arisen in the courts regarding whether such compliance is a jurisdictional matter or not. Whether or not compliance with statutory prerequisites is jurisdictional has important consequences. If the requirements are jurisdictional and compliance has not occurred, then a governmental entity may file a plea to contest the trial court's jurisdiction over the case and, if the plea is denied, may file an immediate appeal. Allowing an immediate appeal permits conservation of all parties' resources during determination of the appeal, instead of requiring the expenditure of funds to try lawsuits that are ultimately determined to be outside the limited waiver of immunity.

Author's/Sponsor's Statement of Intent, Bill Analysis, H.B. 2988, 79th Leg., R.S. (May 17, 2005); *see also* House Comm. on State Affairs, Bill Analysis, H.B. 2988, 79th Leg., R.S. (2005). The house committee noted that some courts have infringed on the power of the legislature to waive sovereign immunity by abating cases until a

plaintiff complied with statutory prerequisites. House Comm. on State Affairs, Bill Analysis, H.B. 2988, 79th Leg., R.S. (2005). Bill supporters stated the amendment "would affirm that a court would be required, due to lack of jurisdiction, to dismiss any case for which the plaintiff had not met statutory requirements." *Id.*

Given the legislative history and the evidence presented herein, we conclude section 311.034 controls in this case. We have already determined section 89.004(a) is a notice requirement and statutory prerequisite to suit. The suit is against Dallas County, a government entity. We therefore conclude the presentment requirement of section 89.004(a) is a jurisdictional prerequisite to suit.

Greenscaping failed to present its claim to the Commissioners Court prior to filing its lawsuit against Dallas County. It is difficult to determine from the record when Greenscaping requested abatement; however, the trial court did not consider Dallas County's motion to dismiss and amended plea to the jurisdiction until more than sixty days after Greenscaping presented its claim to the Commissioners Court, effectively abating the case pending consideration by the Commissioners Court. Legislative history makes clear that the legislature amended section 311.034 to prevent courts from abating cases to allow plaintiffs to comply with statutory prerequisites in suits against government entities. *Id.* Greenscaping's suit against Dallas County is the exact scenario the legislature intended to address with its amendment to section 311.034. Therefore, pursuant to section 311.034, the trial court was required to dismiss the case for lack of jurisdiction because Greenscaping had not met the statutory prerequisites set forth in section 89.004(a) of the local government code.

The trial court did not have the power to act other than to determine it did not have subject matter jurisdiction. *See Loutzenhiser,* 140 S.W.3d at 359. We conclude the trial court erred when it denied Dallas County's amended plea to the jurisdiction with respect to the first issue.

Because our resolution of Dallas County's first issue is dispositive, we need not address Dallas County's second and third issues. *See* TEX.R.APP. P. 47.1.

## CONCLUSION

For the reasons stated above, we reverse the trial court's order denying Dallas County's amended plea to the jurisdiction. We render judgment dismissing Greenscaping's suit against Dallas County for lack of subject matter jurisdiction.