**Affirm and Opinion Filed May 16, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

### No. 05-12-01598-CV

**DALLAS COUNTY SOUTHWESTERN INSTITUTE OF FORENSIC SCIENCES & MEDICAL EXAMINER DEPARTMENT, Appellant**

**V.**

**GLYNDA RAY, Appellee**

**On Appeal from the 101st District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-07904-E**

## OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Myers

Dallas County Southwestern Institute of Forensic Sciences and Medical Examiner Department brings this interlocutory appeal of the trial court's denial of its plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2012). In a single issue, the County contends the trial court erred by denying its plea to the jurisdiction. We affirm the trial court's order.

## BACKGROUND

On April 27, 2010, Ray was terminated from her position in the Dallas County Medical Examiner's Office. Ray was fifty-four years old when she was terminated, and she was replaced by a younger employee. On October 18, 2010, 174 days after her termination, she filed a charge of discrimination with the Texas Workforce Commission, Civil Rights Division by filling out an intake questionnaire. Ray asserted in the questionnaire that her termination involved age

discrimination. On November 29, 2010, Ray received a letter from the commission acknowledging acceptance of Ray's complaint for investigation. The letter included a "Charge of Discrimination" form containing the information of Ray's complaint, and the letter instructed Ray to sign the form and have it notarized and return it to the commission by December 13, 2010. Ray signed the form and had it notarized on December 7, 2010, and she mailed it to the commission on December 9, 2010. On December 16, 2010, the commission for the first time sent the County a copy of Ray's complaint. After investigating, the commission notified Ray that the evidence did not reflect that age discrimination was a factor in the County's decision to terminate her. The commission formally dismissed her complaint on April 29, 2011 and gave her notice of her right to file a civil action.

Ray filed suit against the County on June 27, 2011, alleging the County violated her rights under the Texas Commission on Human Rights Act by discharging or discriminating against her based on her age. The County filed a plea to the jurisdiction asserting it was immune from suit because the commission failed to notify the County that Ray had timely filed an unsworn complaint, and that the process for perfecting the complaint was in process outside the 180-day limitations period. The trial court denied the plea to the jurisdiction, and the County brought this interlocutory appeal.

## PLEA TO THE JURISDICTION

In its sole issue, the County contends the trial court erred by denying the County's plea to the jurisdiction. Whether a court has subject-matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex. 2002). When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Miranda,* 133 S.W.3d at

–2–

226. If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Miranda,* 133 S.W.3d at 227. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue must be resolved by the fact finder. *Id.* at 227–28. If the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

In Texas, sovereign or governmental immunity deprives a trial court of subject-matter jurisdiction over lawsuits against the State or other governmental units unless the government consents to suit. *Miranda,* 133 S.W.3d at 224. The Texas Commission on Human Rights Act provides a limited waiver of governmental immunity when a governmental unit has committed employment discrimination on the basis of age or other prohibited grounds. *Tex. Dep't of Pub. Safety v. Alexander*, 300 S.W.3d 62, 69 (Tex. 2009); *see* TEX. LAB. CODE ANN. § 21.002(8)(D) (West Supp. 2012); *id.* §§ 21.051, .254 (West 2006). However, the government's immunity from suit is not waived unless there has been compliance with all statutory prerequisites to suit, including the provision of notice. *See* TEX. GOV'T CODE ANN. § 311.034 (West Supp. 2012).

To bring suit for a violation of the Texas Commission on Human Rights Act, the plaintiff must first have exhausted the administrative remedies under the Act. *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991), *overruled on other grounds by In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 310 (Tex. 2010); *see Alexander*, 300 S.W.3d at 70 & n.4. To invoke the administrative remedy, a person aggrieved by an unlawful employment practice must file a complaint with the commission. LAB. § 21.201(a) (West 2006). Termination of or discrimination in employment against an employee forty years of age or older because of the employee's age is an unlawful employment practice. *Id.* §§ 21.051, .101. The complaint must

be filed within 180 days after the alleged unlawful employment practice occurred, and the commission must dismiss any untimely complaints. *Id.* § 21.202. The complaint must be in writing and made under oath. *Id.* § 21.201(b). If the complaint suffers from technical defects or omissions, including a failure to verify the complaint, then the complaint may be amended to cure these defects. *Id.* § 21.201(e). An amended complaint relates back to the date the complaint was first received by the commission. *Id.* § 21.201(f). "If a perfected complaint is not received by the commission within 180 days of the alleged unlawful employment practice, the commission shall notify the respondent that a complaint has been filed and that the process of perfecting the complaint is in progress." *Id.* § 21.201(g). The commission must serve the respondent with the perfected complaint within ten days of its filing. *Id*. § 21.201(d).

After the complaint is perfected, the commission has 180 days to investigate and attempt to resolve the complaint. *See id.* §§ 21.208, .253. If the commission determines there is no reasonable cause to believe the employer engaged in the alleged unlawful employment practice, then the commission issues a written determination, dismisses the complaint, and notifies the complainant of the dismissal. *Id.* § 21.205. The commission may issue a notice that the complainant has the right to file a civil action. *Id.* § 21.252(c). The complainant then has sixty days to bring a civil action. *Id.* § 21.254. The Act also contains a statute of limitations requiring suit to be brought within two years of the date of the complaint. *Id.* § 21.256.

In this case, it is undisputed that Ray initially filed her complaint, the intake questionnaire, on October 18, 2010, 174 days following her termination. The complaint was not perfected, however, because it was not sworn. Ray filed her perfected, amended complaint on December 9, 2010, and the amended complaint related back to the October 18 day of filing pursuant to section 21.201(f). However, when the 180th day expired and the perfected complaint had not been filed, the commission did not notify the County as required by section 21.201(g)

that a complaint had been filed and that the process of perfecting the complaint was in progress. After Ray filed the perfected complaint on December 9, the commission served the County with the complaint on December 16, which was within the ten days of its filing as required by section 21.201(d). After investigating, the commission issued a determination of no reasonable cause to find Ray's termination resulted from unlawful age discrimination and gave Ray notice of her right to file a civil action, and Ray brought suit less than sixty days later.

The County contends the trial court lacked jurisdiction because there was not compliance with all "[s]tatutory prerequisites to a suit, including the provision of notice" as required by section 311.034 of the Government Code. *See* GOV'T § 311.034. The statutory prerequisite the County contends was omitted was the requirement under section 21.201(g) of the Labor Code that the commission notify the county after 180 days from the alleged employment incident that a defective complaint has been filed and that the process of perfecting the complaint is in progress. Accordingly, we must determine whether the commission's compliance with section 21.201(g) was a statutory prerequisite to Ray's suit against the County.

When construing a statute, our chief objective is effectuating the legislature's intent. *Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). When we interpret a code enacted by the legislature, we read words and phrases in context and construe them according to the rules of grammar and common usage. GOV'T § 311.011(a) (West 2005); *Cooper v. Tex. Workforce Comm'n*, 343 S.W.3d 310, 312 (Tex. App.—Dallas 2011, pet. denied).

One of the purposes of the Act is "to address the specific evil of discrimination and retaliation in the workplace." *City of Waco v. Lopez*, 259 S.W.3d 147, 153 (Tex. 2008); *see* LAB. § 21.001(4) ("The general purposes of this chapter are to: . . . (4) secure for persons in this state . . . freedom from discrimination in certain employment transactions, in order to protect their personal dignity . . . .").

In *Prairie View A & M University v. Chatha*, 381 S.W.3d 500 (Tex. 2012), the supreme court provided insight into the meaning of the term "[s]tatutory prerequisites to a suit."

> The term "statutory prerequisite" has three components. First, . . . a prerequisite must be found in the relevant statutory language. Second, the prerequisite must be a requirement. And finally, the term "pre" indicates the requirement must be met before the lawsuit is filed. Thus, according to the plain language of section 311.034, the term "statutory prerequisite" refers to statutory provisions that are mandatory and must be accomplished prior to filing suit.

*Id.* at 511–12 (citations and footnote omitted). The supreme court also observed, "this Court consistently defers to the Legislature to waive immunity from suit. Thus, it is the Legislature's function to determine what steps a litigant must take before the state's immunity is waived." *Id.* at 513 (citations omitted). Under *Chatha*, then, a statutory prerequisite to suit is a step *a litigant* must take that is a requirement, set forth in the statute, that must be met before the lawsuit is filed. *See id.* at 511–13.

The Texas Supreme Court has stated that the statutory prerequisite to suit under the Texas Commission on Human Right Act is exhaustion of the Act's administrative remedies. *Schroeder*, 813 S.W.2d at 485 ("We hold that a person claiming a CHRA violation must first exhaust the CHRA's administrative remedies prior to bringing a civil action for such violation."); *see Alexander*, 300 S.W.3d at 70 n.4 (citing *Schroeder*). In *Alexander*, the supreme court set forth the requirements for exhaustion of the administrative remedies under the Act. Those requirements are that the plaintiff must: (1) file the complaint with the commission within 180 days of the alleged discriminatory act; (2) allow the commission 180 days to dismiss or resolve the complaint before filing suit; and (3) file suit in district court no later than two years after the complaint is filed with the commission.[1] *Alexander*, 300 S.W.3d at 70 n.4. The court has never

---

[1] In a later case, the supreme court concluded "that the two year period for filing suit is mandatory but not jurisdictional." *In re United Servs. Auto. Ass'n*, 307 S.W.3d at 310.

stated that the commission's compliance with section 21.201(g) is necessary for the complainant's exhaustion of the administrative remedy or that it is a statutory prerequisite to suit.

Section 21.201(g) imposes a duty on the commission, not the complainant, to notify the respondent that a complaint has been filed that will be perfected outside the 180 days. In this case, the commission is not "a litigant." *Cf. Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex. 2010) ("The Commissioner [of Education] is a neutral arbiter performing a limited review of the board's decision and does not have a direct stake in the outcome."). Thus, under the discussion in *Chatha* of the term "statutory prerequisite," compliance with section 21.201(g) would not be a statutory prerequisite to suit.

In support of its argument that section 21.201(g) is a statutory prerequisite to suit, the County cites two cases, *Dallas County, Texas v. C. Green Scaping, L.P.*, 301 S.W.3d 872 (Tex. App.—Dallas 2009, no pet.), and *Chatha*. In *C. Green Scaping*, the issue was whether section 89.004(a) of the Local Government Code was a statutory prerequisite to suit under section 311.034. The statute stated, "a person may not file suit against a county . . . unless the person has presented the claim to the commissioners court." TEX. LOC. GOV'T CODE ANN. § 89.004(a) (West 2008). We concluded it was a statutory prerequisite to suit. *See C. Green Scaping*, 301 S.W.3d at 878. In *Chatha*, the issue was whether section 21.202's requirement that the complainant file a complaint with the commission within 180 days of the unlawful employment practice was a statutory prerequisite to suit. *Chatha*, 381 S.W.3d at 510. After analyzing the meaning of "statutory prerequisite to suit," the court concluded that the 180-day filing requirement was a statutory prerequisite to suit and a jurisdictional requirement under section 311.034. In both *Chatha* and *C. Green Scaping*, the statutory prerequisite was one imposed on the litigant, the plaintiff who would be bringing suit against the government. *See* LAB. §§ 21.201(a), .202 (person claiming to be aggrieved files the complaint, and the complaint must

be filed within 180 days); LOC. GOV'T § 89.004(a) (person may not file suit against the county unless the person has presented the claim to the commissioners court). The county cites no authority concluding that a statutory prerequisite under section 311.034 can be a requirement imposed on someone other than the plaintiff and over whom the plaintiff has no control. All of the cases discussing jurisdictional statutory prerequisites to suit under section 311.034 have involved requirements imposed on the party bringing suit. *See, e.g.*, *Univ. of Hous. v. Barth*, 313 S.W.3d 817, 818 (Tex. 2010) (per curiam) (Texas Whistleblower Act's requirement that employee have filed good-faith reports of law violation to appropriate law-enforcement authority was jurisdictional); *Little v. Bd. of Law Examiners*, 334 S.W.3d 860, 862 (Tex. App.—Austin 2011, no pet.) (requirement that applicant for admission to Bar institute proceedings within sixty days of decision being mailed to applicant was jurisdictional); *Med. Arts. Hosp. v. Robison*, 216 S.W.3d 38, 40–44 (Tex. App.—Eastland 2006, no pet.) (Texas Whistleblower Act's requirement that a public employee initiate action under the employer's grievance procedures before suing was jurisdictional); *Wren v. Tex. Emp't Comm'n*, 915 S.W.2d 506, 508 (Tex. App.—Houston [14th Dist.] 1995, no writ) (requirement that applicant for unemployment-compensation benefits bring suit within ten days against all other parties to the proceeding against the commission was jurisdictional).

The County's argument that the commission's failure to send the notice required by section 21.201(g) constitutes a jurisdictional bar to a later suit by a governmental employee would give the commission the ability to create a jurisdictional bar in all suits against governmental employers by employees who filed timely but technically deficient complaints under the Act too close to the 180-day deadline to correct the complaints within the 180 days. This interpretation would work against the clear intent of the statute that employees, including governmental employees, who initially filed technically deficient complaints within the 180 days

be entitled to amend the complaints outside the 180 days and still take advantage of all the remedies of the Act, including the right to bring a civil action for enforcement of the Act. Nothing in the Act supports giving the commission this power to bar subsequent suits against governmental employers. Nor does the County provide any argument explaining why the dismissal of a suit because of an error by the commission and not the employee should constitute a jurisdictional bar to the employee's suit.

We conclude that section 21.201(g)'s requirement that the commission "notify the respondent that a complaint has been filed and that the process of perfecting the complaint is in progress" is not one of the "[s]tatutory prerequisites to a suit" whose compliance is a jurisdictional requirement. We therefore conclude that the trial court did not err by denying the County's plea to the jurisdiction. We overrule the County's sole issue.

## CONCLUSION

We affirm the trial court's order.


/Lana Myers/
LANA MYERS
121598F.P05                          JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

Dallas County Southwestern Institute of
Forensic Sciences & Medical Examiner
Department, Appellant

No. 05-12-01598-CV          V.

Glynda Ray, Appellee

On Appeal from the 101st District Court,
Dallas County, Texas
Trial Court Cause No. DC-11-07904-E.
Opinion delivered by Justice Myers.
Justices Lang and Evans participating.

 In accordance with this Court's opinion of this date, the trial court's order denying the plea to the jurisdiction is **AFFIRMED**.

 It is **ORDERED** that appellee Glynda Ray recover her costs of this appeal from appellant Dallas County Southwestern Institute of Forensic Sciences & Medical Examiner Department.


Judgment entered this 16th day of May, 2013.


/Lana Myers/
LANA MYERS
JUSTICE