In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00236-CV**
_____

**JEFFERSON COUNTY, TEXAS, Appellant**

**V.**

**LUIS FERNANDO MARTINEZ REYES, Appellee**

_____

**On Appeal from the 136th District Court**
**Jefferson County, Texas**
**Trial Cause No. D-201,612**

_____

**MEMORANDUM OPINION**

On remand from the Texas Supreme Court, we consider whether Local
Government Code section 89.004's presentment requirement is a jurisdictional
statutory prerequisite to Luis Fernando Martinez Reyes's Texas Tort Claims Act
("TTCA") lawsuit. *See* Tex. Loc. Gov't Code Ann. § 89.004(a); *Reyes v. Jefferson
County*, 601 S.W.3d 795, 798 (Tex. 2020). Reyes sued Jefferson County, Texas (the
County) and County employee Lawrence Flanagan, Jr. under the TTCA for injuries

and property damage resulting from an automobile collision with Flanagan. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1).

The County filed a plea to the jurisdiction arguing Reyes failed to comply with the presentment requirement in Local Government Code section 89.004.[1] *See* Tex. Loc. Gov't Code Ann. § 89.004(a). Specifically, the County asserted that it was a statutory prerequisite to suit and was therefore, jurisdictional. The trial court denied the plea to the jurisdiction, which the County challenged in an interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8). In response, Reyes argues that the trial court properly denied the County's plea to the jurisdiction because a letter sent to the County's Risk Department substantially complied with section 89.004 of the Local Government Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.101; Tex. Loc. Gov't Code Ann. § 89.004(a). For the following reasons, we affirm.

## Background

Reyes's live pleading alleges he was injured on April 19, 2016, when a vehicle driven by Flanagan while he was in the course and scope of his employment with

---

[1] Reversing our earlier decision and relying on *Worsdale v. City of Killeen*, 578 S.W.3d 57 (Tex. 2019), the Texas Supreme Court determined that because the County had actual notice, the TTCA's notice requirement was satisfied. *See Reyes v. Jefferson County*, 601 S.W.3d 795, 798 (Tex. 2020). Accordingly, we limit our analysis to section 89.004's presentment requirement operated as a jurisdictional statutory prerequisite to Reyes's TTCA lawsuit. *See* Tex. Loc. Gov't Code Ann. § 89.004(a).

the County, negligently collided with Reyes's vehicle. After a series of correspondence between Reyes's attorney and the County's third-party claims administrator, the County denied Reyes's claim.[2]

Reyes filed his original petition suing the County and Flanagan under the TTCA on April 17, 2018. The County filed its plea to the jurisdiction and a separate motion to dismiss Flanagan from the lawsuit.[3] In its plea to the jurisdiction, the County argued Reyes did not comply with the presentment provision of Local

---

[2] The first letter dated June 1, 2016, was addressed to "Risk Management Jefferson County[.]" The correspondence in its entirety reads as follows:

> Please be advised that I represent the above claimant in a cause of action for very serious bodily injury and property damage caused by the negligence of your insured on the above date. I have been assigned an undivided interest in the claimant's cause of action and would request that all communications concerning my client be directed only to me. Please send me a copy of the crash report, copies of all statements taken from my client, if any, and contact my assistant, Cynthia Rodriguez Aguirre, to acknowledge the receipt of this letter. I look forward to working with you toward a quick and amicable resolution of this claim. [CR SUPP 13]

In the "RE:" heading, the letter further provided the date of loss, Reyes's name, and Flanagan's name. In response, Tristar Risk Management (Tristar) sent a letter dated June 21, 2016, to Reyes's counsel and advised it was a "Third Party Administrator contracted by Jefferson County, Texas to investigate and handle claims within their Self Insured Retention." The letter from Tristar provided a claim number, and indicated their client was the County. Thereafter, on June 29, 2016, Tristar sent another letter to Reyes's counsel stating "[a]fter an investigation of the facts, the County of Jefferson must deny your client's claim. Our investigation failed to find any negligent conduct on the part of the County or its employees which proximately caused your client's damages."

[3] Reyes subsequently amended his petition, omitting Flanagan as a defendant.

Government Code section 89.004, and because the provision was a jurisdictional statutory prerequisite to suit, Reyes's failure to comply deprived the trial court of jurisdiction. *See* Tex. Loc. Gov't Code Ann. § 89.004(a). At the hearing on the plea to the jurisdiction, the trial court indicated it did not believe section 89.004 was jurisdictional and denied the County's plea on that basis.[4] The County proceeded with this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8).

### Standard of Review

"Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (citing *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex. 1999)). A plea to the jurisdiction is a dilatory plea typically used to defeat a plaintiff's cause of action regardless of whether the claims have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). We review a trial court's ruling on a plea to the jurisdiction based on immunity from suit under a *de novo* standard. *Miranda*, 133 S.W.3d at 226. When doing so, we examine the factual allegations contained in the pleadings and relevant jurisdictional evidence. *See City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625–26 (Tex. 2010); *Bland*, 34 S.W.3d at 555. When pleadings are challenged by a plea to the jurisdiction, a

---

[4] Although the trial court stated its basis for denying the plea to the jurisdiction at the hearing, the trial court does not include this basis in its order.]

court must determine if the pleader has alleged facts affirmatively demonstrating the court's jurisdiction, and the court must liberally construe the pleadings. *Miranda*, 133 S.W.3d at 226 (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). "However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Miranda*, 133 S.W.3d at 227 (citing *Bland*, 34 S.W.3d at 555). In that situation, our review of a plea to the jurisdiction is similar to a traditional motion for summary judgment. *See id.* at 228. Resolving the issue before us also involves statutory construction, which we likewise review *de novo*. *See City of DeSoto v. White*, 288 S.W.3d 389, 394 (Tex. 2009).

## Analysis

We are tasked with addressing whether the trial court improperly denied the County's plea to the jurisdiction and whether Local Government Code section 89.004's presentment requirement operated as a jurisdictional statutory prerequisite to Reyes's TTCA lawsuit. *See Reyes*, 601 S.W.3d at 798; *see also* Tex. Loc. Gov't Code Ann. § 89.004(a). The County contends that section 89.004 is a statutory prerequisite to suit, and since section 311.034 of the Code Construction Act made statutory prerequisites to suit jurisdictional, the trial court improperly denied its plea.

5

In response to the Texas Supreme Court's *Loutzenhiser* decision, which concluded that the TTCA's presuit notice requirement was not jurisdictional, the legislature amended the Code Construction Act in 2005. *See Univ. of Tex. Sw. Med. Ctr. at Dall. v. Loutzenhiser*, 140 S.W.3d 351, 360–65 (Tex. 2004), *superseded by statute by* Act of May 25, 2005, 79th Leg., R.S., ch. 1150, § 1, 2005 Tex. Gen. Laws 3783, 3783 (codified at Tex. Gov't Code Ann. § 311.034). The 2005 amended statute added the last sentence and regarding waivers of sovereign immunity, provided that

> [i]n order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. In a statute, the use of "person," as defined by Section 311.005 to include governmental entities, does not indicate legislative intent to waive sovereign immunity unless the context of the statute indicates no other reasonable conclusion. *Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.*

Tex. Gov't Code Ann. § 311.034 (emphasis added).[5] This amendment indicates the "Legislature's intent that all statutory prerequisites are now jurisdictional requirements as to governmental entities and are properly addressed in a plea to the jurisdiction." *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 511 (Tex. 2012).

---

[5] Years before this statutory amendment, the Texas Supreme Court treated the presentment requirement as nonjurisdictional. *See Essenburg v. Dallas Cty.*, 988 S.W.2d 188, 189 (Tex. 1998).

Texas Local Government Code section 89.004 states:

(a) Except as provided by Subsection (c), a person may not file suit on a claim against a county or an elected or appointed county official in the official's capacity as an appointed or elected official unless the person has presented the claim to the commissioners court and the commissioners court neglects or refuses to pay all or part of the claim before the 60th day after the date of the presentation of the claim.
(b) If the plaintiff in a suit against a county does not recover more than the commissioners court offered to pay on presentation of the claim, the plaintiff shall pay the costs of suit.
(c) A person may file a suit for injunctive relief against a county. After the court's ruling on the application for temporary injunctive relief, any portion of the suit that seeks monetary damages shall be abated until the claim is presented to the commissioners court and the commissioners court neglects or refuses to pay all or part of the claim by the 60th day after the date of the presentation of the claim.

Tex. Loc. Gov't Code Ann. § 89.004.

In order to determine whether section 89.004 is jurisdictional, we must first determine whether the provision qualifies as a "statutory prerequisite" pursuant to section 311.034. *See Chatha*, 381 S.W.3d at 512; *Jefferson Cty. v. Farris*, 569 S.W.3d 814, 826–27 (Tex. App. —Houston [1st Dist.] 2018, pet. denied). The phrase "statutory prerequisite" has three parts: (1) a prerequisite must be found in the relevant statutory language; (2) the prerequisite must be a requirement; and (3) the requirement must be met before suit is filed. *See Chatha*, 381 S.W.3d at 512 (citations omitted); *Farris*, 569 S.W.3d at 826–27. "'[S]tatutory prerequisite' refers to statutory provisions that are mandatory and must be accomplished prior to filing suit." *Chatha*, 381 S.W.3d at 512.

7

To satisfy the first of *Chatha's* "statutory prerequisite" components, the "prerequisite must be found in the relevant statutory language." *Id.* Here, that means the presentment prerequisite must be found in the TTCA, which provides the express waiver of immunity allowing Reyes to sue for tort claims. The County's argument assumes that the "relevant statutory language" is section 89.004. We disagree with this. "Statutory prerequisites" referenced in section 311.034 of the Code Construction Act apply to "waivers of governmental immunity." *See* Tex. Gov't Code Ann. § 311.034; *Kaelin v. Crago*, No. 13-16-00226-CV, 2017 WL 371489, at *2 (Tex. App.—Corpus Christi Jan. 26, 2017, pet. denied). Section 89.004 does not provide any waiver of immunity and is not found in the TTCA, rather it is found in the Local Government Code chapter dealing with administration of counties. *See* Tex. Loc. Gov't Code Ann. ch. 89; *see also* Farris, 569 S.W.3d at 827.

Section 89.004 also falls short with respect to *Chatha's* third statutory prerequisite component, which is that "the requirement must be met *before* the lawsuit is filed." *See Chatha*, 381 S.W.3d at 512 (emphasis added). Although one subsection addresses pre-suit presentment, another subsection contemplates certain situations where presentment will not occur until after suit is filed. *Compare* Tex. Loc. Gov't Code Ann. § 89.004(a), *with* § 89.004(c). In those circumstances, abatement, rather than dismissal, is the appropriate remedy. *See id.* § 89.004(c)

8

(providing that "any portion of the suit that seeks monetary damages shall be abated until the claim is presented to the commissioners court").

The County relies heavily on *Dallas County v. C. Green Scaping, L.P.*, 301 S.W.3d 872 (Tex. App.—Dallas 2009, no pet.), decided pre-*Chatha*. There, the Dallas Court of Appeals determined that section 89.004's presentment requirement was a statutory prerequisite to suit. *See id.* at 878–79. It reasoned that "prerequisite to suit" was undefined by statute, but "common usage implies that the requirement is to be fulfilled before a lawsuit is filed." *Id.* at 878 (citations omitted). However, other courts of appeals have reached the opposite conclusion following *Chatha. See Farris*, 569 S.W.3d at 827; *Kaelin*, 2017 WL 371489, at *2. The County made similar arguments in *Jefferson County v. Farris*, another recent TTCA case, which our sister court of appeals in Houston rejected. 569 S.W.3d at 825–28. We find that court's reasoning and conclusion persuasive.

Section 89.004 fails to meet two of *Chatha's* components of a jurisdictional "statutory prerequisite" contemplated by section 311.034 of the Code Construction Act applicable to waivers of governmental immunity. We overrule the County's issue on appeal.

**Conclusion**

We hold that section 89.004 is not a statutory prerequisite to suit contemplated by section 311.034 of the Code Construction Act, and therefore, any failure to

9

comply with this presentment provision did not operate as a jurisdictional bar to Reyes's TTCA lawsuit against the County. Accordingly, we affirm the trial court's order denying the County's plea to the jurisdiction.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on July 9, 2020
Opinion Delivered September 10, 2020

Before McKeithen, C.J., Kreger and Johnson, JJ.