# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00131-CV

---

**Hannah R. Tanner, Appellant**

**v.**

**Texas State University, Appellee**

---

### FROM THE 207TH DISTRICT COURT OF HAYS COUNTY
### NO. 17-0354, THE HONORABLE WILLIAM R. HENRY, JUDGE PRESIDING

---

## O P I N I O N

In this appeal, we must determine whether compliance with the rule requiring diligence in service of process is a jurisdictional "statutory prerequisite to a suit" against a governmental entity under the Texas Tort Claims Act (TTCA). *See* Tex. Gov't Code § 311.034 ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."). Hannah R. Tanner appeals the district court's final order granting a plea to the jurisdiction in favor of Texas State University (TSU) and dismissing her personal-injury claims with prejudice. She contends that the district court erred by granting TSU's plea because compliance with the rule requiring diligence in service of process is not a jurisdictional requirement. Alternatively, she contends that if it is jurisdictional, she used due diligence in serving TSU. Because we conclude that diligence in service of process is not a jurisdictional "statutory prerequisite to a suit" under section 311.034 of the Government

Code, we will reverse the district court's final order and remand this cause for further proceedings.

## BACKGROUND

On September 29, 2016, Tanner timely filed suit against TSU, the Texas State University System (the University System), and Dakota Dwaine Scott, alleging that she sustained personal injuries October 4, 2014, when she was thrown from the passenger seat of a golf cart that Scott drove on the TSU golf course.[1]  *See* Tex. Civ. Prac. & Rem. Code § 16.003(a) (establishing two-year limitations period for personal-injury suits).  She also alleged that when this incident occurred, Scott was acting within the course and scope of his employment for the University System "or one of it[]s components."  *See* Tex. Educ. Code § 96.41 (providing that Texas State University is under management and control of Texas State University System's Board of Regents).  She further alleged that she provided timely notice of her claim to the University System and TSU as required by the TTCA.  *See* Tex. Civ. Prac. & Rem. Code § 101.101(a) (providing that governmental unit is entitled to receive notice of tort claim against it "not later than six months after the day that the incident giving rise to the claim occurred").

**Tanner served the University System in 2016**

On October 4, 2016, Tanner served the University System with her lawsuit and then sent discovery.  In its November 21, 2016 answers to Tanner's interrogatories, the University System disclosed that it "is a separate entity and governmental unit from each of its component institutions" and that Scott had "never been employed by the Texas State University

---

[1]  Tanner originally filed her suit in Travis County, but the University System prevailed on its motion to transfer venue to Hays County.

2

System." The University System filed a plea to the jurisdiction contending that Scott was not its employee and that there was no evidence showing that any of its employees were involved in the incident addressed in Tanner's suit.

**Tanner served Scott in 2018**

On September 18, 2018, Tanner served Scott with her lawsuit. Scott filed a timely answer, including a limitations argument in the section identifying his "Affirmative Defenses." He contended specifically that Tanner failed to exercise diligence as a matter of law by delaying service of her suit on Scott for nearly two years. Scott then filed a motion for summary judgment on those grounds, which the district court denied.

Meanwhile, the district court heard the University System's plea to the jurisdiction. The district court signed an order December 3, 2018, granting the plea, dismissing Tanner's claims against the University System, and severing it from the original cause. Only Scott and TSU remained in the suit after the University System's severance.

**Tanner served TSU in 2020**

On May 20, 2020, Tanner served TSU with her lawsuit. TSU filed a timely answer, including its assertion that Tanner's claims were "barred by the two-year Statute of Limitations, pursuant to Section 16.003 of the Texas Civil Practice and Remedies Code." The answer acknowledged that "[a]t the time of the accident, Defendant Dakota Dwaine Scott was an employee of TSU, acting within the course and scope of his employment with TSU," and incorporated a motion for Scott's dismissal from the suit. *See id.* § 101.106(e) (providing that if TTCA suit is filed "against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit"). The district

3

court signed an agreed order on June 30, 2020, granting TSU's motion to dismiss Scott, severing Tanner's claim against Scott from the original cause, and disposing of the severed cause. Only TSU remained in the suit after Scott's severance.

**TSU filed plea to the jurisdiction based on Tanner's lack of diligence in serving her suit**

On October 2, 2020, TSU filed a combined plea to the jurisdiction and motion for summary judgment, acknowledging that Tanner had "timely filed her Original Petition on September 29, 2016," but complaining that she failed to use diligence as a matter of law by delaying service of her suit on TSU for over three and a half years. TSU asserted that its plea to the jurisdiction

> should be granted based on a want of subject matter jurisdiction based on the conclusive evidence that [Tanner] failed to comply with a prerequisite to suit under the Texas Tort Claims Act, section 16.003 of the Texas Civil Practice and Remedies Code, and section 311.034 of the Texas Government Code.

Additionally, TSU argued that Tanner's "cause of action should be dismissed in its entirety as a matter of law by summary judgment as Defendant TSU's defense of limitations has been conclusively established."

During the December 8, 2020 hearing on the plea to the jurisdiction, TSU argued that when a defendant pleads limitations and shows that service was untimely, a plaintiff must prove diligence in service efforts. TSU further argued that without a showing of diligence, Tanner necessarily failed to comply with the two-year statute of limitations in section 16.003 of the Civil Practice and Remedies Code. TSU then argued that "compliance with the statute of limitation and bringing suit against a governmental entity is a statutory prerequisite to suit," and that under section 311.034 of the Government Code, statutory prerequisites are "jurisdictional

4

requirements" for claims against governmental entities like TSU. TSU summarized its argument stating, "It's our position that because the record shows that plaintiff clearly failed to comply with this statutory prerequisite to bringing suit, this Court does not have subject matter jurisdiction and Texas State University's Plea to the Jurisdiction must be granted."

Tanner responded that TSU's argument about "statutory prerequisites to suit" relied on cases involving distinct statutory provisions of the Whistleblower Act, *see* Tex. Gov't Code §§ 554.001-.010, and the Texas Commission on Human Rights Act, *see* Tex. Lab. Code §§ 21.001-.556, that are inapplicable to personal-injury suits under the TTCA. Further, Tanner argued that TSU was "bootstrapping all of the typical motion for summary judgment arguments for diligence into the Plea to the Jurisdiction." Finally, Tanner contended that a plea to the jurisdiction is improper when a plaintiff has satisfied the statutory prerequisites to filing a suit, such as the TTCA's notice-of-claim provision. *See* Tex. Civ. Prac. & Rem. Code § 101.101(a).

At the end of the hearing, the district court stated that it would grant the plea and clarified that it did not reach TSU's motion for summary judgment. The district court signed an order on January 7, 2021, granting TSU's plea to the jurisdiction. This appeal followed.

**DISCUSSION**

Within her first issue, Tanner contends that the district court erred by granting TSU's plea to the jurisdiction because diligence in procuring service on a defendant is not a statutory prerequisite to bringing a claim under the TTCA. We agree.

5

**Sovereign immunity and statutory prerequisites to suit**

Sovereign immunity bars suits against the state and its entities, and this immunity remains intact unless surrendered in express and unequivocal terms by a clear and unambiguous statutory waiver. *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 512 (Tex. 2012). Tanner pleaded her case under the TTCA, which waives sovereign immunity for personal-injury claims caused by the negligence of an employee, acting within the scope of his employment in operating a motor-driven vehicle, if that employee would be personally liable to the claimant. *See* Tex. Civ. Prac. & Rem. Code § 101.021(1). Section 311.034 of the Code Construction Act, set forth in the Government Code, specifies that "[s]tatutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." Tex. Gov't Code § 311.034 ("Waiver of Sovereign Immunity").

"[I]t is the Legislature's function to determine what steps a litigant must take before the state's immunity is waived." *Chatha*, 381 S.W.3d at 513. The Legislature establishes the timeline for filing suit and the mandatory tasks that must be completed before filing. *Id.* at 514. A statutory provision that is mandatory and must be complied with before filing suit is sufficient to fall within the ambit of section 311.034. *Id.* In a statutory cause of action against a governmental entity, like this TTCA suit against TSU, failure to comply with the statute's mandatory provisions that must be accomplished before filing suit is a jurisdictional bar to suit, and that noncompliance is properly asserted in a plea to the jurisdiction. *See id.* at 511, 512.

Sovereign immunity implicates a court's subject-matter jurisdiction, and because subject-matter jurisdiction is a question of law, we review a trial court's ruling on a plea to the jurisdiction de novo. *EBS Sols., Inc. v. Hegar*, 601 S.W.3d 744, 749 (Tex. 2020). Because the jurisdictional issue here involves statutory construction, it presents a question of law that we also

6

review de novo. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). We rely on statutory-interpretation principles to ascertain and effectuate the Legislature's intent as expressed by the statute's language. *Chatha*, 381 S.W.3d at 511.

**Diligent service is a common law rule or doctrine not found in section 16.003(a)**

Here, it is undisputed that Tanner provided presuit notice of her claim as required by the TTCA and that she filed suit against TSU on September 29, 2016, before the two-year statute of limitations expired. *See* Tex. Civ. Prac. & Rem. Code §§ 16.003(a), 101.101(a). Thus, the primary inquiry in this appeal is whether diligent service is "a statutory requirement commanding action before filing suit" within the meaning of section 311.034. *See Chatha*, 381 S.W.3d at 515 (describing statutory prerequisites under section 311.034 that are jurisdictional when defendant is governmental entity).

We determine whether an action is a "statutory prerequisite" within the meaning of section 311.034 by using a three-prong test. *See id.* at 511-12. First, "to fall within the ambit of section 311.034, a prerequisite must be found in the relevant statutory language." *Id.* at 512. "Second, the prerequisite must be a requirement." *Id.* Third, "the term 'pre' indicates the requirement must be met before the lawsuit is filed." *Id.* (citing *Roccaforte v. Jefferson County*, 341 S.W.3d 919, 925 (Tex. 2011), which held that post-suit notice requirement was not jurisdictional, even in light of section 311.034, because post-suit notice is not "prerequisite" to suit). "Thus, according to the plain language of section 311.034, the term 'statutory prerequisite' refers to statutory provisions that are mandatory and must be accomplished prior to filing suit." *Id.*

7

TSU contends that "diligent service is encompassed within the statute of limitations; therefore, it is a pre-suit requirement." However, the text of the personal-injury statute of limitations in section 16.003(a) neither references nor requires diligent service. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a) (providing, in relevant part, that "a person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues."). Thus, the diligent-service requirement fails to meet the first two prongs of the *Chatha* test because it "is not found in the relevant statutory language" of section 16.003(a) and it is not a "requirement" of that statute. *See Chatha*, 381 S.W.3d at 512.

Furthermore, the Texas Supreme Court has recognized that the "doctrine" or "rule" of due diligence—which provides that "a plaintiff, who files a petition within the limitations period but does not complete service until after the statutory period has expired, is entitled to have the date of service relate back to the date of filing, if the plaintiff has exercised diligence in effecting service"—is a creation of the judiciary. *See Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011) (noting that courts have attached "due diligence *doctrine*" to service rule in Texas Rule of Civil Procedure 21a (emphasis added)); *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970) ("This court long ago established the *rule* that the mere filing of a suit will not interrupt or toll the running of a statute of limitation; that to interrupt the statute, the use of diligence in procuring the issuance and service of citation is required." (emphasis added)); *Riston v. John Doe # 1*, 161 S.W.3d 525, 530 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (noting that "the due diligence and relation back doctrines" apply when plaintiff files suit against defendant before limitations expire). Thus, diligent service is a legal requirement, but it is a court-created one that is not found in section 16.003(a).

Finally, the diligent-service requirement fails to meet the third prong of the *Chatha* test concerning a requirement that must be met before the lawsuit is filed. *See* 381 S.W.3d at 512. *Chatha* specifies that "a mandatory statutory provision is a statutory prerequisite under section 311.034, provided it is to be complied with prior to filing suit." *Id.* at 514-15 (concluding that plea to jurisdiction was properly asserted because claimant failed to file her administrative complaint within 180-day statutory deadline); *see Dallas Cty. Sw. Inst. of Forensic Scis. & Med. Exam'r Dep't v. Ray*, 400 S.W.3d 219, 223 (Tex. App.—Dallas 2013, pet. denied) (noting that under *Chatha*, "a statutory prerequisite to suit is a step a litigant must take that is a requirement, set forth in the statute, that must be met before the lawsuit is filed"). Diligent service is not "a statutory requirement commanding action before filing suit" within the meaning of section 311.034. *See Chatha*, 381 S.W.3d at 515. Indeed, the benefit of a plaintiff's diligence in effecting service is that the date of service "relate[s] back" to the earlier date of filing. *See Stockton*, 336 S.W.3d at 615.

Because due diligence is not referenced in or required by the personal-injury statute of limitations in section 16.003(a) and does not concern a step that must be accomplished before filing a TTCA suit, it fails the *Chatha* test and is not a jurisdictional "statutory prerequisite" within the meaning of section 311.034. *See Chatha*, 381 S.W.3d at 511-12. Accordingly, we conclude that the common-law doctrine or rule requiring diligence in service of process is not a "statutory prerequisite to a suit" within the meaning of section 311.034 of the Code Construction Act and that the district court erred by determining that it lacked jurisdiction over Tanner's TTCA suit and granting TSU's plea.[2] We sustain Tanner's first issue.[3]

---

[2] TSU contends that even if the diligent-service requirement is not jurisdictional, the order granting the plea to the jurisdiction and dismissing Tanner's claims with prejudice should

**CONCLUSION**

We reverse the district court's final order granting TSU's plea to the jurisdiction and remand this cause for further proceedings consistent with this opinion.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Baker, and Triana

Reversed and Remanded

Filed: March 10, 2022

---

be affirmed because TSU conclusively established its affirmative defense of limitations—an alternative argument set forth in its "Motion for Summary Judgment under Rule 166a(c)." We decline to do so because the district court did not reach the merits of TSU's motion for summary judgment. *See Thompson v. Henderson*, 45 S.W.3d 283, 291 (Tex. App.—Dallas 2001, pet. denied) (declining appellants' "invitation to review, for the first time, the merits of a summary judgment motion that the trial court obviously did not consider").

[3] We need not reach Tanner's second issue, contending that she established her use of due diligence in serving TSU, because that issue is conditioned on a determination that the diligent-service requirement is jurisdictional. *See* Tex. R. App. P. 47.1 (requiring courts of appeals to issue opinions that are as brief as practicable but that address every issue raised and necessary to final disposition of appeal).