The UNIVERSITY OF HOUSTON,
Petitioner,

v.

Stephen BARTH, Respondent.

No. 08–1001.

Supreme Court of Texas.

June 11, 2010.

Greg W. Abbott, Attorney General of Texas, Clarence Andrew Weber, First Assistant Attorney General, David S. Morales, Shelley Dahlberg, Peter B. Plotts III, Jose Manuel Rangel, Office of the Attorney General of Texas, Robert B. O'Keefe, General Litigation Division, Austin, TX, for Petitioner.

J. W. Beverly, Dow Golub Berg & Beverly, LLP, Richard A. Battaglia, Richard

A. Battaglia, P.C., Houston, TX, for Respondent.

PER CURIAM.

Stephen Barth, a tenured professor at the University of Houston, sued the University under the Texas Whistleblower Act. Barth claimed his dean at the University retaliated against him after Barth reported contracting and accounting irregularities to University officials. A jury agreed and awarded Barth damages. The University appealed, arguing the verdict was not supported by legally sufficient evidence that Barth made a good-faith report of a violation of law to an appropriate law-enforcement authority as required under the Texas Whistleblower Act. *See* Tex. Gov't Code § 554.002(a). The court of appeals affirmed in part, upholding the verdict finding liability against the University as to all but one untimely claim. Holding that the University had waived its legal sufficiency challenge to certain evidence supporting the verdict, the court of appeals undertook no further inquiry into some of the elements of Barth's Whistleblower Act claims. *See* 265 S.W.3d 607, 616 (Tex.App.-Houston [1st Dist.] 2008).

However, in *State v. Lueck*, 290 S.W.3d 876, 883 (Tex.2009), we held that "the elements of section 554.002(a) can be considered to determine both jurisdiction and liability." Accordingly, whether Barth's reports to University officials are good-faith reports of a violation of law to an appropriate law-enforcement authority is a jurisdictional question. Jurisdiction may be raised for the first time on appeal and may not be waived by the parties. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex.1993). The University challenges whether the trial court had jurisdiction. Therefore, without hearing oral argument, Tex.R.App. P. 59.1, we reverse and remand to the court of appeals to determine whether, under the analysis set forth in *Lueck*, Barth's claims meet the Whistleblower Act's jurisdictional requirements for suit against a governmental entity and, thus, whether the trial court had jurisdiction over Barth's suit.