# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00635-CV

**Michael Leonard Goebel and all other occupants of 207 Cazador Drive, Appellants**

**v.**

**Sharon Peters Real Estate, Inc., Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY
### NO. 14-0385-C, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellee Sharon Peters Real Estate, Inc. filed a petition for eviction in the justice court, seeking to have appellant Michael Leonard Goebel evicted from a house that Sharon Peters bought in a foreclosure sale about two weeks earlier. Goebel soon after filed in the district court a suit to quiet title and sought a declaratory judgment that the foreclosure proceeding and sale were void and a temporary restraining order barring any further eviction actions. On May 8, 2014, the justice court dismissed appellee's petition for lack of jurisdiction; the order of dismissal did not include any statement related to a bond. That same day, appellee filed its "Plaintiff's Notice of Appeal and Bond," stating that it wished to appeal the order of dismissal to the county court and that "[t]he [Justice] Court set a bond amount of zero dollars ($0). Accordingly, Plaintiff has not filed a bond or made a cash deposit. Plaintiff remains ready and willing to do so in the event the bond amount is increased." On May 19, the justice court issued a letter to appellee stating, "After

reviewing your Notice of Appeal and Bond, I am setting the cash and/or surety bond at $3,000.00," allowing ten days to post bond. Appellee posted the bond well within ten days. The case proceeded in the county court, which on September 18, 2014, rendered summary judgment in appellee's favor, giving it possession of the property. Goebel filed his notice of appeal eleven days later, stating in his notice of appeal, "No supersedeas bond was requested by the plaintiff or ordered by the court." On October 22, Goebel filed an emergency motion to recall a writ of possession, which was issued on October 20, and on October 24, he filed a "Motion for Bond Clarification or Modification." The county court denied both motions. Goebel also filed in this Court a motion to stay the writ of possession, which was denied. Appellee has now filed a motion to dismiss, asserting that we lack jurisdiction because the writ of possession was executed on October 24, mooting Goebel's appeal.

In opposing appellee's motion to dismiss, Goebel primarily argues that his loss of possession did not moot the appeal because the county court lacked jurisdiction over the eviction suit and thus lacked authority to issue the writ of possession.[1] He bases this claim on the fact that appellee did not post a bond within five days of the justice court's order of dismissal. *See* Tex. R. Civ. P. 510.9 (party may appeal judgment in eviction case by filing security within five days after judgment signed). However, although the justice court's order of dismissal did not mention anything about a bond amount, appellee has produced an affidavit by Sharon Peters, the owner of the company, in which she averred that: she attended the bench trial before the justice court; the judge

---

[1] Goebel did not raise the issue of jurisdiction before the county court, and therefore the facts related to appellee's appeal from the justice court's dismissal order were not presented to the county court. However, the issue of jurisdiction may be raised for the first time on appeal, *University of Houston v. Barth*, 313 S.W.3d 817, 818 (Tex. 2010), and we will consider the arguments and evidence presented by the parties at the appellate level.

announced that the cause would be dismissed for want of jurisdiction; appellee's attorney "immediately inquired about the amount required for an appeal bond"; and the judge "announced that the amount of the appeal bond was zero dollars ($0)."[2] Appellee filed a Notice of Appeal and Bond within five days of the order of dismissal, expressing a desire to appeal to county court, stating the bond amount verbally set by the justice court, and stating that appellee was ready to file a bond should the amount be increased. When the justice court sua sponte changed the bond amount to $3,000, appellee timely posted that security. Thus, appellee addressed the issue of bond before the justice court, obtained an initial ruling that the bond should be set at zero, filed a notice of appeal explaining those facts, and then timely filed the amended security amount. We hold that those actions vested the county court with jurisdiction over appellee's appeal from the justice court's order of dismissal.[3]

As for whether the execution of the writ of possession mooted this appeal, it has been said many times that the only issue to be decided in a forcible-detainer suit is the right to

---

[2] Sharon Peters's affidavit was filed in this Court in response to Goebel's motion to stay the writ of possession. Goebel has not disputed the facts averred to by Ms. Peters.

[3] We decline to hold, as urged by Goebel, that, despite the justice court's announcement that the security amount was zero, appellee should have filed a $500 bond under rule 506.1. Rule 506 is a general rule applying to appeals from justice court to county court. *See* Tex. R. Civ. P. 506.1(b) (party may appeal from justice court decision by filing $500 security within twenty-one days after judgment is signed). It is trumped by more specific rule 510.9, which applies in appeals from eviction cases and which states that a party may appeal by posting a security in an amount set by the justice court. *Id*. R. 510.9(a), (b) (bond must include certain items set out in rule 510.11); *see also id*. R. 510.11 (damages may include loss of rentals, and on appeal to county court, party may plead, prove, and recover "damages, if any, suffered for withholding or defending possession of the premises"). In this case, that amount was initially set at zero. Further, if appellee should have followed the $500 bond requirement of rule 506.1, it stands to reason that the twenty-one day deadline should also have applied, and appellee filed $3,000 as security eleven days after the justice court signed its order of dismissal.

3

immediate possession of the property. *Marshall v. Housing Auth.*, 198 S.W.3d 782, 785 (Tex. 2006); *Setzer v. Branch Banking & Trust Co.,* No. 03-12-00064-CV, 2013 WL 6805593, at *1 (Tex. App.—Austin Dec. 20, 2013, no pet.) (mem. op.) ("Judgment of possession in a forcible detainer action does not determine whether an eviction is wrongful but does determine the right to immediate possession."); *see Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.); *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). Issues of title shall not be adjudicated and, indeed, if the question of title is so intertwined with the question of possession, the forcible-detainer suit should be dismissed. *See Rice*, 51 S.W.3d at 708-09. However, the fact that Goebel filed suit in district court to contest the validity of the process leading up to foreclosure does not mean the justice or county courts lacked jurisdiction to determine possession. *See Ashley v. Citimortgage, Inc.*, No. 03-13-00584-CV, 2014 WL 7466816, at *2 (Tex. App.—Austin Dec. 18, 2014, no pet.) (mem. op.); *Wilhelm v. Federal Nat'l Mortg. Ass'n*, 349 S.W.3d 766, 768-69 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Rice*, 51 S.W.3d at 711, 713; *see also Wilder v. Citicorp Trust Bank, F.S.B.*, No. 03-13-00324-CV, 2014 WL 1207979, at *2 (Tex. App.—Austin Mar. 18, 2014, pet. dism'd w.o.j.) (mem. op.) (defects in foreclosure process do not negate deed's landlord-tenant provision or deprive justice or county courts of jurisdiction over eviction suit to determine immediate possession).

The county court determined that appellee was entitled to immediate possession of the property. A writ of possession was issued and executed. We have already overruled Goebel's jurisdictional argument, and his other arguments against dismissal do not raise a claim for immediate right to possession but instead argue that the foreclosure was improper. Raising an issue related to

overall title does not equate to claiming a right to current and actual possession of the property. *Marshall*, 198 S.W.3d at 787 (loss of possession will not moot appeal if appellant asserts "potentially meritorious claim of right to current, actual possession"); *Garcia v. Green Tree Servicing LLC*, No. 13-13-00694-CV, 2014 WL 1465037, at *3 (Tex. App.—Corpus Christi Apr. 10, 2014, no pet.) (mem. op.) ("Because the appellants' attack on the underlying foreclosure process cannot be resolved in this forcible detainer proceeding, we conclude that they have failed to assert a potentially meritorious right to possession."); *see Setzer*, 2013 WL 6805593, at *1; *Wilhelm*, 349 S.W.3d at 768-69; *Gallien v. Federal Home Loan Mortg. Corp.*, No. 01-07-00219-CV, 2008 WL 4670465, at *3-4 (Tex. App.—Houston [1st Dist.] Oct. 23, 2008, pet. dism'd w.o.j.) (mem. op.). Thus, there is no longer a live issue for which we could grant effectual relief. *See Garcia*, 2014 WL 1465037, at *3; *Wilhelm*, 349 S.W.3d at 769; *Gallien*, 2008 WL 4670465, at *4.

We agree with appellee that the execution of the writ of possession has mooted this appeal from the county court's forcible-detainer judgment. We therefore grant appellee's motion and dismiss the appeal for want of jurisdiction.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Dismissed for Want of Jurisdiction

Filed: April 16, 2015

5