In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00581-CV
_____

**LISA SCHAVER HARRIS, Appellant**

**V.**

**JEFFERSON COUNTY, TEXAS AND BRAD BURNETT, JUSTICE OF THE PEACE PCT. 7, Appellees**

**On Appeal from the 58th District Court**
**Jefferson County, Texas**
**Trial Cause No. A-193,540**

**MEMORANDUM OPINION**

In this appeal, we address whether the trial court properly granted the defendants' motion for summary judgment in a case involving a county employee's suit alleging a claim of wrongful termination. Because the employee failed to timely file a response with evidence raising an issue of material fact on the challenged elements of her claims, we hold the trial court properly granted the defendants' motion.

1

Background

For several years prior to 2010, Lisa Schaver Harris worked as a clerk under the supervision of Brad Burnett, the Justice of the Peace for Precinct 7, Jefferson County, Texas. On December 3, 2010, the County informed Harris that Burnett had decided to terminate her employment.

On November 1, 2012, Harris sued Burnett and the County. In her Second Amended Petition, her live pleading for purposes of this appeal, Harris alleged that Burnett and the County had violated her First Amendment rights under Chapter 42, Section 1983 of the United States Code. *See* 42 U.S.C.S. § 1983 (LEXIS through Pub. L. No. 114-49) (providing that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress"). In her suit, Harris alleged that she "was suddenly terminated because she made a good faith report on Burnett's alteration of government records to the Jefferson County Human Resources Department, and to the Jefferson County District Attorney." In addition to her claim for damages,

Harris sought a declaratory judgment requesting the trial court declare that her rights to engage in free speech under Article One of the Texas Constitution had been violated.

In October 2013, Burnett and the County filed a combined no-evidence and traditional motion for summary judgment. The combined motion challenged Harris to present evidence on the elements of her causes of action for retaliatory discharge. The defendants' no-evidence motion, among other grounds,[1] required Harris to demonstrate that her termination resulted from the reports that she

---

[1] Burnett and the County's joint motion for summary judgment did not assert that the trial court did not have jurisdiction over Harris's claims. On appeal, the defendants suggest the trial court lacked jurisdiction over Harris's claims, and that the trial court's lack of jurisdiction offers another basis on which to sustain the trial court's ruling. However, the rule that governs summary judgment practice requires that a motion for summary judgment state the specific grounds on which the summary judgment ruling is being requested. Tex. R. Civ. P. 166a(c). The Texas Supreme Court has stated that an appeals court cannot affirm a summary judgment on grounds that were not presented in the motion. *Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993). Had Harris's failure to prove her claims occurred following a trial on the merits of her claims, we would have been required to reach the question of whether the trial court had subject-matter jurisdiction over her claims. *See San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 136 (Tex. 2015) (reaching the issue of jurisdiction following an appeal from a jury trial even though it was raised for the first time on appeal); *Univ. of Hous. v. Barth*, 313 S.W.3d 817 (Tex. 2010) (holding that the defendant's challenge to the trial court's jurisdiction could be raised for the first time on appeal in a case that was appealed after a jury trial). Because the defendants' motion for summary judgment did not include a challenge to the trial court's exercise of jurisdiction over Harris's claims, we decline to reach the defendants' argument that the trial court lacked jurisdiction over her claims.

3

claimed she had made about Burnett to the County's Human Resources Department and to the District Attorney. The no-evidence motion also required Harris to prove her claim that she had not been treated like others, to prove that she had engaged in speech that is protected under the First Amendment, and to prove that she had a protected property interest in her job with the County.

Although Harris was required to file a response to the defendants' motion within seven days of the summary judgment hearing, or to obtain leave of court to file a response outside that period, Harris did not file her response until November 13, 2013, just one day before the summary judgment hearing. *See* Tex. R. Civ. P. 21 (f)(5)(B) (stating that "if a document requires a motion and an order allowing its filing, the document is deemed filed on the date that the motion is granted"); Tex. R. Civ. P. 166a(c) (requiring the nonmovant, except on leave of court, to file a response to a motion for summary judgment "not later than seven days prior to the day of hearing").

The trial court conducted a hearing on the defendants' motion on November 14, 2013. The hearing was not recorded by a court reporter. Subsequently, the trial court granted the defendants' motion. In its order, the trial court did not specify the grounds on which it had decided to rule in the defendants' favor; however, the

4

order recites that the trial court considered the evidence and arguments of counsel. Harris timely filed this appeal.

Standard of Review

When a trial court grants a combined motion for summary judgment, we review the no-evidence part of the ruling first before considering any of the other possible grounds on which the trial court's ruling could have been based. *See Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 600 (Tex. 2004); *E. Hill Marine, Inc. v. Rinker Boat Co., Inc.,* 229 S.W.3d 813, 816 (Tex. App.—Fort Worth 2007, pet. denied). Therefore, if Harris's response failed to raise a genuine issue of material fact on the elements of the claims the defendants' no-evidence motion challenged, we need not analyze the parties' arguments regarding the other possible grounds to sustain the ruling. *See id.*

The no-evidence portion of the defendants' motion for summary judgment alleged that Harris could not prove that the reports she made were the cause of her termination, and alleged that Harris could not prove that she was fired for engaging in protected speech. *See* Tex. R. Civ. P. 166a(i); *Hahn v. Love,* 321 S.W.3d 517, 523-24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). Harris was required to present a response sufficient to raise genuine issues of material fact as to these elements of her claims to prevent the trial court from granting the defendants'

motion. *See Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 582 (Tex. 2006). Under Rule 166a(i), a trial court is required to grant a defendant's no-evidence motion unless the party opposing the motion produces "summary judgment evidence raising a genuine issue of material fact" on the elements of the claims the no-evidence motion challenged. Tex. R. Civ. P. 166a(i); *see Ford Motor Co.,* 135 S.W.3d at 600. The parties dispute whether the trial court considered Harris's response.

## Discussion

According to Harris, the trial court erred in granting the defendants' no-evidence motion because the summary judgment evidence that she filed in response to the motion raises genuine issues of material fact on her claims. On appeal, Harris argues that her summary judgment response was properly before the trial court because it was filed by agreement of the parties and with leave of Court. She also argues that her responses were considered by the trial court.

However, we find no order in the record showing that the trial court granted Harris permission to file an untimely response to the defendants' motion for summary judgment. Additionally, the hearing on the motion was not recorded by a court reporter. Therefore, the record does not show whether Harris asked the trial

6

court to give her permission to file an untimely response, nor does it show that the trial court agreed to consider her response.

The response Harris filed the day before the summary judgment hearing represents that she filed the response by agreement.[2] However, agreement with counsel is not sufficient given Rule 166a(c)'s requirement that a party responding to a motion for summary judgment obtain the court's permission to file an untimely response. *See Neimes v. Ta,* 985 S.W.2d 132, 138 (Tex. App.—San Antonio 1998, pet. dism'd). We are required to presume that the trial court did not consider a late-filed response unless something in the record indicates the trial court actually did consider it. *Benchmark Bank v. Crowder,* 919 S.W.2d 657, 663 (Tex. 1996) ("There is no order in this record granting the Crowders leave to file McCool's affidavit late. McCool's affidavit was not properly before the trial court on the motions for summary judgment."); *INA of Tex. v. Bryant,* 686 S.W.2d 614, 615 (Tex. 1985) ("Bryant's response to INA's motion for summary judgment was not timely filed, and nothing appears of record to indicate that the late filing was

---

[2] Although Harris's motion represents that her response was filed by agreement, her motion is not signed by the defendants. Therefore, Harris's representation that the defendants agreed to let her file a late response is not enforceable. *See* Tex. R. Civ. P. 11 (requiring agreements between attorneys to be in writing and signed, unless made in open court and entered on the record). Regardless of Harris's alleged agreement with the defendants, the record does not show that the trial court gave Harris permission to file an untimely response. *See* Tex. R. Civ. P. 166a(c).

with leave of court. Therefore, we must presume that the trial court did not consider it in rendering a take nothing judgment in favor of INA.").

We conclude the record fails to demonstrate that Harris obtained leave of court to file her response within seven days of the summary judgment hearing. Tex. R. Civ. P. 166a(c). Because Harris failed to timely present prima facie proof on the elements of her claims that the defendants' no-evidence motion challenged, we affirm the trial court's ruling.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on October 30, 2014
Opinion Delivered September 24, 2015

Before Kreger, Horton, and Johnson, JJ.

8