

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-18-00313-CV

---

ERIN REDING, APPELLANT

V.

LUBBOCK COUNTY HOSPITAL DISTRICT D/B/A
UNIVERSITY MEDICAL CENTER, APPELLEE

---

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2017-527,902, Honorable William C. Sowder, Presiding

---

March 18, 2020

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Erin Reding appeals from the trial court's order granting the plea to the jurisdiction filed by the Lubbock County Hospital District d/b/a University Medical Center ("UMC").[1] We affirm.

---

[1] See TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2019) (permitting the interlocutory appeal of an order granting or denying a governmental unit's plea to the jurisdiction).

Background

Reding is a registered nurse who began working at UMC in April of 2016. In her petition, Reding alleges that in April and May of 2017, UMC announced plans for a new policy that would require nurses to sign up for two mandatory "on call" shifts per month. Under the proposed plan, nurses who did not report when called in to such shifts would be subject to disciplinary action. Reding believed the proposed[2] compulsory shifts would violate section 258.003 of the Texas Health & Safety Code, which prohibits a hospital from requiring a nurse to work mandatory overtime. *See* TEX. HEALTH & SAFETY CODE ANN. § 258.003(a), (c) (West 2017). Further, she believed that the proposed policy for disciplinary action constituted retaliation. She contacted UMC's human resources department to share her concerns. The human resources department referred her to the hospital's legal department. On May 8, 2017, she reported the matter to the legal department. In her affidavit, Reding asserted that, she "believed at the time [of the report] that the legal department was the proper and only enforcement authority within or outside the Lubbock County Hospital District available to regulate and/or enforce the law against mandatory overtime."

Reding alleges that, following her report, she began experiencing retaliation. She contends that when she was fired on July 21, 2017, the basis given for her termination was false and used as a pretext to cover up UMC's retaliation. Reding then filed this lawsuit alleging that UMC violated the Texas Whistleblower Act, which prohibits adverse personnel action against a public employee who, in good faith, reports to an appropriate

---

[2] Apparently, the proposed policies were never implemented at UMC. However, Reding alleges that nurses "were already being required to sign up" for the shifts.

law enforcement authority a violation of law by another public employee. *See* TEX. GOV'T CODE ANN. § 554.002 (West 2012). UMC filed a plea to the jurisdiction in which it asserted that Reding failed to allege a claim for which immunity has been waived. After a hearing, the trial court granted UMC's plea to the jurisdiction.

## Standard of Review

A plea to the jurisdiction is a dilatory plea that challenges the trial court's jurisdiction to hear the subject matter of the cause of action. *Timmons v. Univ. Med. Ctr.*, 331 S.W.3d 840, 843 (Tex. App.—Amarillo 2011, no pet.) (citing *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004)). Because the existence of jurisdiction presents a question of law, we review the trial court's ruling on a plea to the jurisdiction de novo. *Houston Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 156 (Tex. 2007).

## Discussion

As a governmental entity, UMC is generally entitled to governmental immunity, which bars suits against the state and its entities other than for claims for which immunity has been waived. *See Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 512 (Tex. 2012). The Whistleblower Act waives immunity to suit to the extent a governmental entity is liable under its provisions. TEX. GOV'T CODE ANN. § 554.0035 (West 2012). For immunity to be waived, a claimant "must actually allege a violation of the Act." *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009). As such, the elements of a whistleblower claim are jurisdictional and may not be waived. *Univ. of Houston v. Barth*, 313 S.W.3d 817, 818 (Tex. 2010) (per curiam). Under the Whistleblower Act, a plaintiff is required to prove: (1) that she was a public employee, (2) that she reported a violation of law in good faith,

3

(3) that the violation of law reported was committed by her employing governmental entity or another public employee, (4) that the report was made to an appropriate law enforcement authority, and (5) that her employing governmental entity took an adverse personnel action against her because of the report. *Tex. Dep't of Criminal Justice v. McElyea*, 239 S.W.3d 842, 849 (Tex. App.—Austin 2007, pet. denied); *see* TEX. GOV'T CODE ANN. § 554.002(a).

The parties do not dispute that Reding was a public employee, but UMC has contested other elements of her claim, namely that Reding made a good faith report of a violation of law, that she made such report to an appropriate law enforcement authority, and that UMC retaliated against her as a result. In this appeal, Reding asserts that she sufficiently established each of these three challenged elements.

Appropriate Law Enforcement Authority

We will begin our analysis with the question of whether Reding reported a violation of law to an appropriate law enforcement authority as required to maintain her claim, because we find this issue dispositive.

Under section 554.002,

a report is made to an appropriate law enforcement authority if the authority is a part of a state or local governmental entity or of the federal government that the employee in good faith believes is authorized to: (1) regulate under or enforce the law alleged to be violated in the report; or (2) investigate or prosecute a violation of criminal law.

TEX. GOV'T CODE ANN. § 554.002(b). The Supreme Court has explained that the plaintiff in a whistleblower claim must prove that her report was made to an appropriate law enforcement authority, or that she had a good faith belief that it was. *Tex. Dep't of Transp.*

4

*v. Needham*, 82 S.W.3d 314, 320 (Tex. 2002). An employee's belief is in good faith if: (1) the employee believed the governmental entity qualified, and (2) the employee's belief was reasonable in light of her training and experience. *Id.* at 321. The first element is subjective, while the second is objective; consequently, protection under the Whistleblower Act is only available if a reasonably prudent employee in similar circumstances would have believed the governmental entity to which she reported a violation of law was an appropriate law enforcement authority. *Id.* at 320-21.

Reding alleged that she "reasonably and in good faith believed that [UMC's] legal department was the appropriate authority to whom she should report the violation." She added, "Said legal department is the part of [UMC] which [Reding] in good faith believed was authorized to regulate within [UMC] the laws sought by [Reding] to be enforced." Even if we assume, without deciding, that Reding met her burden as to the subjective component of the required good faith belief that UMC's legal department was an appropriate law enforcement authority, we must consider whether that perception is objectively reasonable given Reding's training and experience.

In cases examining what constitutes a good faith report to an appropriate law enforcement authority, the Supreme Court has consistently held that "reports up the chain of command are insufficient to trigger the Act's protections." *Tex. Dep't of Human Servs. v. Okoli*, 440 S.W.3d 611, 614 (Tex. 2014) (citing *Ysleta Indep. Sch. Dist. v. Franco*, 417 S.W.3d 443, 445-46 (Tex. 2013) (per curiam); *Canutillo Indep. Sch. Dist. v. Farran*, 409 S.W.3d 653, 655 (Tex. 2013) (per curiam); *Univ. of Houston v. Barth*, 403 S.W.3d 851, 855-58 (Tex. 2013) (per curiam); *Tex. A & M Univ.—Kingsville v. Moreno*, 399 S.W.3d 128, 130 (Tex. 2013) (per curiam); *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Gentilello*, 398

S.W.3d 680, 689 (Tex. 2013); and *Lueck*, 290 S.W.3d at 885-86). As explained in *Gentilello*, an authority's power to discipline its own or investigate internally does not support a good-faith belief that it is an appropriate law enforcement authority. *Gentilello*, 398 S.W.3d at 686. Rather, the authority must have outward-looking powers, as in "authority to enforce, investigate, or prosecute violations of law against third parties outside of the entity itself, or it must have authority to promulgate regulations governing the conduct of such third parties." *Id.* at 686, 689.

Here, Reding made a report up the chain of command, to a department she "believed was authorized to regulate *within* [UMC]" (emphasis added). But while the legal department at UMC may oversee internal compliance with the law governing nurses' work hours, that is not the same as having the authority to "enforce, investigate, or prosecute violations of law against third parties." In *Gentilello*, the Supreme Court stressed this distinction, noting that "UTSW is itself subject to regulation but does not subject others to regulation; being regulated is not the same as being the regulator." *Id.* at 685. Reding cites no law giving UMC's legal department any outward-looking authority to investigate or prosecute violations of overtime law. The legal department may support internal compliance with regulations, but it is not charged with being a regulator. Therefore, UMC's legal department does not qualify as an "appropriate law enforcement authority."

We conclude that Reding could not have had an objective good faith belief that she was reporting a violation of law to an appropriate law enforcement authority. *See id.* Accordingly, Reding's complaint to UMC's internal legal department falls short of what the Whistleblower Act requires. Therefore, her claim cannot survive the jurisdictional challenge made by UMC.

6

Because we conclude that Reding's report was not made to an appropriate law enforcement authority, we need not address the issues of whether she made a good faith report of a violation of law and whether UMC retaliated against her as a result. *See* TEX. R. APP. P. 47.1.

## Conclusion

We conclude that Reding failed to establish an objective, good faith belief that she reported a violation of the law to an appropriate law enforcement authority. Accordingly, the trial court did not err in determining it lacked jurisdiction over Reding's Whistleblower claim and dismissing the case. We affirm the trial court's judgment.


Judy C. Parker
Justice


7