**Reversed and Remanded and Memorandum Opinion filed November 9, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00904-CV

**JOSE ROMERO AND MARGARITA ROMERO, INDIVIDUALLY AND ANF OF IXXXXX RXXXXX, IXXXXX RXXXXX AND MXXXXXXX RXXXXX, MINORS, Appellants**

**V.**

**HARRIS COUNTY, TEXAS, Appellee**

**On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2018-62256**

## MEMORANDUM OPINION

In one issue appellants, Jose Romero and Margarita Romero, challenge the trial court's order granting appellee's Harris County's plea to the jurisdiction. We hold that plaintiffs' Original Petition pled facts and allegations sufficient to show waiver of governmental immunity and that Harris County failed to introduce any evidence in support of its official immunity defense. Therefore, we reverse and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Romeros were involved in a car collision with Harris County Deputy Candace Miles and sued Harris County for personal injuries. In their live petition, they allege that the car Miles was driving was one of the County's law enforcement vehicles, that the crash was caused by Miles while she was acting within the course and scope of her employment with the County, and that the "acts for which Defendant has been sued gave rise to a waiver of immunity from suit and from liability under section[] 101.021(1) of the Texas Civil Practice & Remedies Code."

The County filed an answer and promptly sought dismissal of the lawsuit by filing a plea to the jurisdiction. The plea alleges facts describing Miles' conduct leading up to the collision, stating that she was responding to a priority one family disturbance, assessed her best route, and looked both ways before making a U-Turn. The plea was based on the County's contention that Miles would avoid personal liability by asserting official immunity.

Following an oral hearing (for which there is no reporter's record), the court issued an order granting the plea.[1] The Romeros filed a motion for new trial combined with a late response to the plea to the jurisdiction. The court denied that motion and this appeal followed.

## II. ISSUES AND ANALYSIS

A plea to the jurisdiction questioning the trial court's jurisdiction raises a question of law that we review *de novo*. *City of Houston v. Collins*, 515 S.W.3d 467, 471 (Tex. App.—Houston [14th Dist.] 2017, no pet.). The standard of review for a plea to the jurisdiction "generally mirrors that of a summary judgment under

---

[1] Although, the order states that the court considered "all responses and replies thereto," our record contains no response filed prior to the court's order.

Texas Rule of Civil Procedure 166a(c)." *Id. citing Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).

The jurisdictional question in this case relates to governmental immunity; governmental immunity from suit defeats a court's subject matter jurisdiction. *Dallas Area Rapid Transit v. Whitley,* 104 S.W.3d 540, 542 (Tex. 2003).

*Sovereign Immunity*

Under the common law doctrine of sovereign immunity, the state is immune from suit, which means that it cannot be sued without its consent. *See City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011). Governmental units in the state enjoy the same type of immunity, although their immunity is termed "governmental immunity." *See Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). The County is a governmental unit, and thus, cannot be sued absent a waiver of its governmental immunity. *See Harris County v. Annab*, 547 S.W.3d 609, 613 (Tex. 2018).

One such waiver can be found under the Texas Tort Claims Act, which provides that a governmental unit is liable for the tort of an employee, if the tort arises out of the operation of a motor vehicle and "the employee would be personally liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code § 101.021(1). The County argued in its plea to the jurisdiction that Deputy Miles was entitled to official immunity, and thereby the Romeros could not establish that Miles "would be personally liable to [them] according to Texas law."

*Derivative Official Immunity*

A governmental employee cannot be subject to personal liability if she is protected under the common law doctrine of official immunity. *See DeWitt v. Harris County*, 904 S.W.2d 650, 653 (Tex. 1995). The doctrine is born out of "the

3

necessity of public officials to act in the public interest with confidence and without the hesitation that could arise from having their judgment continually questioned by extended litigation." *See Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 424 (Tex. 2004). In a suit such as this, an employee's official immunity therefore becomes relevant to the liability of his employer: a governmental unit "is vicariously liable for the acts of its employees only to the extent its employees are not entitled to official immunity." *See K.D.F. v. Rex*, 878 S.W.2d 589, 597 (Tex. 1994). Official immunity is an affirmative defense that protects a governmental employee from personal liability and, in doing so, preserves a governmental employer's sovereign immunity from suit for vicarious liability. *Tex. Dep't of Pub. Safety v. Bonilla*, 481 S.W.3d 640, 642–43 (Tex. 2015). Some courts have referred to this as a derivative official immunity. Texas courts treat pleas to the jurisdiction by governmental entities asserting derivative official immunity under these circumstances to the same evidentiary burden as a movant moving for summary judgment on an affirmative defense. *See id*.

In this appeal, the Romeros fire just one shot: they argue that the County failed to present any evidence in support of its plea to the jurisdiction; that the order granting that motion was not supported by evidence. The County seeks to deflect by pointing to the Romeros' pleadings arguing that the Romeros were required to plead facts negating Deputy Miles's official immunity affirmative defense. In this regard, both parties accurately point to what is *not* in the record. The Romeros argue that there is no proof in the record offered by the County in support of its plea, and we find none. No evidence is attached to the motion or subsequently filed in support of the motion. Neither party disputes that there was an oral hearing or the fact that we have no record of that hearing, and neither party on appeal attempts to suggest that any particular evidence was offered at that

4

hearing. The County correctly asserts the Romeros' petition did not plead facts negating two of the three elements of Deputy Miles's official immunity affirmative defense. We now consider the legal significance of the parties' respective points on appeal.

*The jurisdictional allegations in the live pleadings are not deficient*

Appellate review as to subject-matter jurisdiction generally begins with review of the pleadings, and although the County did not squarely challenge the Romeros' pleadings in the trial court as it does now, we will uphold the trial court's dismissal if its ruling would be proper based on our independent review of the Romeros' petition. *See City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (explaining that all courts bear the affirmative obligation to review issues of subject matter jurisdiction even if not raised by the parties). The pleader must allege facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Tex. Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993).

Reviewing a challenge to the pleadings, we construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent. *Miranda*, 133 S.W.3d at 226. If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the trial court should afford the plaintiffs the opportunity to amend. *Miranda,* 133 S.W.3d at 226–27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend. *Id.* at 227.

In the context of establishing jurisdiction over a governmental entity through a legislative waiver, "mere reference to, or recitation of, provisions of the TTCA in pleadings does not confer jurisdiction on the trial court. *Tex. Dep't. of Criminal*

*Justice v. Miller,* 51 S.W.3d 583, 587 (Tex. 2001). The pleading must show, through the facts alleged and reference to statute, that immunity from suit has been waived. *See Leatherwood v. Prairie View A & M Univ.*, 01-02-01334-CV, 2004 WL 253275, at *4 (Tex. App.—Houston [1st Dist.] Feb. 12, 2004, no pet.); *See Hardin County Cmty. Supervision & Corr. Dep't v. Sullivan*, 106 S.W.3d 186, 188 (Tex. App.—Austin 2003, pet. denied).

The Romeros' petition sets out a suit solely naming the County as a defendant, but naming Miles as an employee for whose acts the County is liable. The Petition includes a section entitled "Jurisdiction and Venue" which alleges the following:

> The Court has subject matter jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limit of the Court. Jurisdiction of this Honorable Court is invoked in accordance with the laws of the State of Texas, Civil Practice & Remedies Code, Title 5, Chapter 101, et esq. of the Texas Revised Civil Statues Annotated, commonly referred to as the Texas Tort Claims Act, and all other applicable laws. Compliance with all conditions precedent to the filing of this cause against HARRIS COUNTY, TEXAS have been fulfilled.

> Defendant, HARRIS COUNTY, TEXAS, is a "governmental unit" and was such on the day of the incident made the basis of this lawsuit under Title 5, Chapter 101 of the Texas Civil Practice and Remedies Code. At the time of the incident giving rise to this lawsuit, CANDACE MILES, an employee of HARRIS COUNTY, TEXAS, was operating a Harris County law enforcement vehicle in the course and scope of MILES' employment with HARRIS COUNTY, TEXAS and MILES was performing a governmental function for Defendant at all times relevant to this lawsuit.

> The acts for which Defendant has been sued gave rise to a waiver of immunity from suit and from liability under sections [sic] 101.021(1) of the Texas Civil Practice & Remedies Code. Defendant has no valid exceptions to waiver of immunity from liability in this case under Title 5, Chapter 101 of the Texas Civil Practice &

6

Remedies Code.

In separate sections entitled "Factual Background" and "Negligence", the Romeros allege various facts relating to Miles's alleged negligence and allege that "[the County] is liable for MILES' negligence."

The Romeros' petition does not contain any specific statement tracking the language of subsection (B) of 101.021(1) of the Texas Civil Practice and Remedies Code; the petition does not specifically allege that Deputy Miles "would be personally liable to the claimant according to Texas law." Though such a statement may be preferable, the Romeros' reference to section (1), implicitly includes reference to subsections (A) and (B), which we conclude is a sufficiently specific reference to the relevant legislative waiver of governmental immunity. *See City of Houston v. Swinerton Builders, Inc.*, 233 S.W.3d 4, 11–12 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (finding sufficiently specific reference of legislative waiver where the plaintiff cited a subchapter of the Government Code that contained only one section providing a waiver of immunity); *but see Nguyen v. SXSW Holdings, Inc.*, 580 S.W.3d 774, 783 (Tex. App.—Houston [14th Dist.] 2019, pet. denied)(plaintiff's pleadings did not expressly invoke 101.021(2), and mere passing references to the Tort Claims Act are not sufficient by themselves to confer jurisdiction on the trial court).

It does not concern us that Romeros' pleading fails to provide what the County demands—language affirmatively negating the elements of Deputy Miles's official immunity affirmative defense. The County has not provided, and we cannot find, any authority requiring that the Romeros affirmatively negate the official immunity defense or any other affirmative defense that would preclude Deputy Miles from being personally liable under Texas law. Moreover, upon review of the record, we cannot find any language in the petition that affirmatively

concedes each element of the County's affirmative defense or that affirmatively negates the jurisdiction invoked under section 101.021(1). Tex. Civ. Prac. & Rem. Code.

*There are no jurisdictional facts to support an order granting the County's plea to the jurisdiction based on derivative official immunity*

To prevail on its plea to the jurisdiction, the County had the initial burden of negating the existence of jurisdictional facts and of conclusively establishing that the trial court lacked subject-matter jurisdiction. *Harris County v. Avila*, 14-18-00182-CV, 2019 WL 1030332, at *1 (Tex. App.—Houston [14th Dist.] Mar. 5, 2019, no pet.) *citing Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). If that burden was satisfied, the burden then shifted to the Romeros to present evidence sufficient to raise a genuine issue of material fact regarding the jurisdictional issue. *Id*. This standard essentially mirrors that of a traditional motion for summary judgment. *Id*.

Therefore, to prove the official immunity defense, and negate an essential jurisdictional fact under section 101.021(1)(b), the County had the burden of establishing the following essential elements: (1) the deputy was acting within the scope of her employment, (2) the deputy was performing a discretionary duty, and (3) the deputy was acting in good faith. *See City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994). The record contains no evidence in support of any of these elements. In the absence of any evidence supporting their defense, the County failed to satisfy its burden of establishing the derivative official immunity defense. The Romeros were therefore not required to respond to the County's motion.[2]

---

[2] Although Harris County Local Rule 3.3.2 allows a trial court to consider a party's failure to file a response to a motion as a representation of no opposition, the court's order recites consideration of a "response", suggesting this rule was not applied. Moreover, subject-matter

### III. CONCLUSION

The Romeros adequately pled jurisdictional facts sufficient to confer jurisdiction on the trial court. The County's plea to the jurisdiction contained no evidence to support its affirmative defense and therefore did not operate to shift the burden back to the Romeros to provide evidence negating Miles' potential official immunity affirmative defense. We therefore reverse the court's order granting the County's plea to the jurisdiction, and remand for further proceedings.

/s/     Randy Wilson
          Justice

Panel consists of Justices Jewell, Poissant, and Wilson.

---

jurisdiction cannot be given or taken away by consent and cannot be waived by the parties. *Univ. of Houston v. Barth*, 313 S.W.3d 817, 818 (Tex. 2010). The granting of the County's the plea on such basis would also be inconsistent with the burden shifting rules applicable to pleas to the jurisdiction under *Miranda* and the rules promulgated by the supreme court. *Centennial Ins. Co. v. Commercial Union Ins. Companies*, 803 S.W.2d 479, 482 (Tex. App.—Houston [14th Dist.] 1991, no writ) ("No court in Texas is authorized or empowered to enact or amend rules of civil procedure that would be inconsistent with the rules promulgated by the supreme court.")